**Arlington**

KENNETH S. LAWRENCE, SR.

v.

VIOLETTE A. BLUFORD-BROWN

No. 0102-84

Argued May 1, 1985

Decided November 19, 1985

COUNSEL

G. Warthen Downs, for appellant.

Sterling H. Moore, for appellee.

OPINION

**BARROW, J.**—This appeal challenges the use of a court-ordered genetic blood grouping test to determine paternity. In our opinion the test was properly used, and the appellant's challenge should fail.

The appellee, Violette O. Bluford-Brown, testified at trial on November 26, 1984, that she had sexual intercourse only with the appellant, Kenneth S. Lawrence, Sr., during the two years immediately preceding the child's birth. In addition, a medical expert testified that genetic blood grouping test results indicated that the paternity of the appellant was "extremely likely, being about 99.47%." The trial court found that the appellant was the father of the appellee's child.

### Civil Application

Appellant contends that Code § 20-61.1, which allows a court to enforce a judgment for the support of an illegitimate child, is a criminal statute and should not apply to a civil proceeding. However, the Supreme Court recently has held that this provision applies to both civil and criminal proceedings. *Jones* v. *Robinson*, ___ Va. ___, 329 S.E.2d 794, 799-80 (1985).[1]

### Proof of Paternity

Appellant claims Code § 20-61.2, which allows the results of a blood grouping test to be admitted into evidence, is intended only

---

[1] For a discussion of the problems associated with the use of blood grouping tests and the legislative history of Code §§ 20-61.1 and 61.2, see Lemmon & Murphy, *The Evidentiary Use of the HLA Blood Test in Virginia*, 19 U. Rich. L. Rev. 235 (1985).

as a means to disprove paternity. It is not necessary to address this issue because Code § 20-61.1, which has recently been held applicable to civil proceedings, *id.*, allows blood grouping tests to be used affirmatively to prove paternity. Code § 20-61.1.

### Sufficiency of Evidence

Appellant contends the evidence was insufficient to establish paternity. However, the results of a genetic blood grouping test and evidence of a putative father's access to the mother during the period of conception are sufficient to support a finding of paternity. *See Hankerson* v. *Moody*, ___ Va. ___, 329 S.E.2d 791, 794 (1985).

### Self-Incrimination

The appellant also questions whether a putative father's privilege against self-incrimination is violated by requiring him to submit to blood testing. The privilege against self-incrimination is not violated by blood tests required of one charged with the offense of driving while under the influence of alcohol. *Schmerber* v. *California*, 384 U.S. 757, 761 (1966); *Shumate* v. *Commonwealth*, 207 Va. 877, 880, 153 S.E.2d 243, 245 (1967). The privilege only protects an individual from being compelled to provide evidence of a testimonial or communicative nature against himself, and the withdrawal of blood is not a compulsion of this nature. *Id.* Therefore, we conclude that the genetic blood grouping test required in this case did not violate the appellant's privilege against self-incrimination. Similar challenges have also been rejected in other jurisdictions. *Jane L.* v. *Rodney B.*, 108 Misc. 2d 709, 713, 438 N.Y.S.2d 726, 729 (N.Y. Fam. Ct. 1981); *Raines* v. *White*, 248 Ga. 406, 407, 284 S.E.2d 7, 8 (1981).

### Vagueness

Finally the appellant asserts that the statutory provisions in Code §§ 20-61.1 and 20-61.2 are unconstitutionally vague and indefinite. These sections provide that the results of genetic blood grouping tests, which may include the human leukocyte antigen (HLA) test, are admissible into evidence. The appellant's argument does not allege that the language of the statutes is unclear but, instead, complains that no standard is prescribed for a finding

of paternity.

Specific standards in the statute would dispense with the necessity for expert witnesses to interpret laboratory findings. *See Kay v. U.S.*, 255 F.2d 476, 481 (4th Cir. 1958). The lack of specific standards simply requires the use of expert witnesses to explain the laboratory findings and permits any dispute among the experts to be resolved by the trier of fact. In our opinion, the statutory provisions challenged by the appellant are not unconstitutionally vague and indefinite.

The trial court did not err in considering a genetic blood grouping test in determining that the appellant was the father of the appellee's child. Accordingly, the judgment is affirmed.

*Affirmed.*

Coleman, J., and Duff, J., concurred.