## CIRCUIT COURT OF LEE COUNTY

Commonwealth of Virginia
Department of Social Services
Division of Child Support Enforcement
Programs, ex. rel. Comptroller of Virginia

    v.

Mack Jones

By JUDGE WILLIAM C. FUGATE

March 7, 1986

On February 19, 1985, a petition was filed in the Lee County Juvenile and Domestic Relations Court in the above styled case against the defendant which petition alleges that the defendant was the father of Christine Dawn Newman born March 30, 1977, requesting that a fair and reasonable order of support be rendered after paternity was established. On July 16, 1985, the Judge of that Court ordered that the defendant submit to HLA blood testing which tests were to be conducted on August 20, 1985, at 4:00 p.m. at the Roche Biomedical Laboratory, 309 Eighth Street, Bristol, Tennessee. The order of July 16, 1985, further stated that the defendant had 10 days from the scheduled date of the testing to appeal this matter to this Court, which appeal was perfected on August 23, 1985. From conversing with counsel for both the Commonwealth and defendant and from the correspondence accumulated in the file, the issue before the Court is the question of constitutionality of § 20-61.2 of the Code of Virginia. Various briefs have been filed and the court advised counsel by letter of January 17, 1986, that the last day for the submission of any further memoranda would be February 19, 1986.

The Court is of the opinion that the issue to be addressed here has been addressed most recently by a decision of the Court of Appeals dated November 18, 1985. See *Lawrence* v. *Bluford-Brown*, 2 V.L.R. 550, 1 Va. App. 202 (1985). The Court in that proceeding noted that in cases of this type § 20-61.1 applies to both civil and criminal proceedings citing *Jones* v. *Robinson*, 229 Va. 276, 329 S.E.2d 794 (1985). It was further held in that case that a putative father's privilege against self-incrimination is not violated by blood tests. Since any privilege the defendant might have only protects the individual from being compelled to provide evidence of the testimonial or communicative nature against himself, and the withdrawal of blood is not a compulsion of this nature. The Court further concluded that the genetic blood grouping test required in cases of this nature did not violate the defendant's privilege against self-incrimination. It is therefore adjudged that the defendant's appeal as to a violation of his constitutional rights should be resolved in favor of the Commonwealth and the case remanded to the Juvenile and Domestic Relations District Court of Lee County, Virginia, for such further proceedings as might be mandated by statute. It is here noted that no adjudication of paternity has been made by that court and if that court were to adjudicate that issue in favor of the Commonwealth, the defendant would not be precluded of any appeal that he might be entitled.

## August 13, 1986

The above matter was argued before this Court on August 8th. The primary issue that was argued was whether this Court has jurisdiction of the subject matter inasmuch as the Juvenile and Domestic Relations District Court had not made a final adjudication in the case.

Without directing myself to the issue of jurisdiction, it is the opinion of the Court, pursuant to § 20-61.2, that the Juvenile and Domestic Relations Court has the power to order blood grouping tests, and where the Court has such discretionary power, it is necessarily implied that the Court may require the alleged father in such case to pay the costs of such test and witness fees as the Court deems necessary (see *Whiteman* v. *Kelly*, 229 Va. 276 (1985) at 288).

Accordingly, this case is remanded to the Juvenile and Domestic Relations Court for the purpose of making a final adjudication.