14

## CIRCUIT COURT OF WISE COUNTY

Commonwealth of Virginia,
Department of Social Services,
Div. of Child Support Enforcement Programs,
on behalf of J. H. C.

 v.

F. F.

August 26, 1988

Case No. L88-275

By JUDGE JAMES C. ROBERSON

A hearing was held in the Circuit Court of Wise County, Virginia, on August 2, 1988, on motion of the Commonwealth of Virginia, Division of Child Support Enforcement Programs, etc. to dismiss the appeal of [the alleged father] on the grounds that the Circuit Court of Wise County, Virginia, lacks jurisdiction.

The Commonwealth of Virginia, Division of Child Support Enforcement Programs, filed a petition on May 16, 1988, in the Wise County Juvenile and Domestic Relations District Court alleging that [the defendant, the alleged father] had a legal duty to support the minor child named herein, requesting the court to make a finding that [the defendant] was the father of the child and requesting that [the alleged father] be ordered to support the child.

The case was heard on June 27, 1988, in the Juvenile and Domestic Relations District Court after a continuance from June 13, 1988. The mother of the child testified, and counsel for the father cross-examined the mother. On motion of the Commonwealth made pursuant to § 20-61.2 (now § 20-49.3) the Judge of the Juvenile and Domestic Relations District Court ordered that the alleged parents and child submit to genetic blood grouping tests (referred

to as HLA blood tests) as evidence of the paternity of the child. Pending receipt of the results of the blood tests no order of support was entered by the court on the support petition.

The defendant, [the alleged father], by counsel appealed the order of the Juvenile and Domestic Relations District Court that ordered the parents and child to submit to the genetic blood grouping tests.

Is the order of the Juvenile Court ordering the parents and child to submit to blood grouping tests a "final order or judgment of the Juvenile Court affecting the rights or interests of any person . . ." from which an appeal may be taken in accordance with the provisions of § 16.1-296 of the Code of Virginia?

In *Walker* v. *Dept. of Public Welfare*, 223 Va. 557, 562, 290 S.E.2d 887 (1982), the court concludes that only final orders are appealable.

In *Thrasher* v. *Lustig*, 204 Va. 399, 131 S.E.2d 286 (1963), in a case involving an appeal from a ruling holding that an administrator was a real party and refusing to join a widow as a party, the court dismissed an appeal as not a final order "adjudicating the principles of the cause . . ." as required by the statute in that case.

In *Bowles* v. *Commercial Casualty Insurance Company*, 107 F.2d 169 (4th Cir. 1939), the Fourth Circuit Court of Appeals held that an order directing a person to submit to a physical examination was not a final order from which an appeal could be granted.

The Virginia Court of Appeals stated in *Lawrence* v. *Bluford-Brown*, 1 Va. App. 202, 204, 336 S.E.2d 899 (1985), that "we conclude that the genetic blood grouping test required in this case did not violate the appellant's privilege against self-incrimination."

Trial of a child support case may involve several elements of proof. One of the elements may be. paternity. To allow a case to be appealed on an adverse ruling of one of several elements of proof would create a yo-yo effect between the district court and circuit court resulting in a multiplicity of appeals in each single case.

The statute involved provides for an appeal "from any final order or judgment . . ." § 16.1-296. It is the intent of the statute to provide for an appeal of the

16

whole case after it has been tried and not for an appeal of each adverse ruling against the appealing party.

The Court finds that the ordering of a blood group test is not a final order or judgment from which an appeal may be taken pursuant to § 16.1-296 of the Code of Virginia. Accordingly, the appeal is dismissed and this case is remanded to the Juvenile and Domestic Relations District Court of Wise County Virginia for trial of the non-support petition.