Alexandria

JOHN WYATT

v.

VIRGINIA DEPARTMENT OF SOCIAL SERVICES

No. 1044-89-4

Decided October 23, 1990

226

COUNSEL

Michael A. Ward (Gannon, Cottrell & Ward, on brief), for appellant.

John V. Notarianni, Assistant Commonwealth's Attorney, for appellee.

OPINION

**KEENAN, J.**—John Wyatt appeals the trial court's order finding him to be the biological father of Ashley Victoria Cease (child) and awarding child support payments to Betsy Cease (mother) for the minor child. Wyatt raises two issues on appeal: (1) whether former Code § 20-61.1 created a substantive right entitling him to have the issue of his paternity established by proof beyond a reasonable doubt; and (2) whether the evidence was sufficient to sustain the trial court's finding that he is the biological father of the child. For the reasons set forth below, we hold that the standard of proof to be applied was a question of procedure and did not involve a substantive right. Thus, the trial court did not err in using the standard of clear and convincing evidence in evaluating whether the mother's evidence established Wyatt's paternity. In addition, we find that the evidence was sufficient to support the trial court's conclusion that Wyatt was the father of the child.

The mother initiated a paternity action against Wyatt in the Circuit Court of Montgomery County, Maryland on November 19, 1985. The case was transferred to the Prince William Juvenile

and Domestic Relations Court on November 25, 1985 pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA). By order entered on May 1, 1986, the juvenile court awarded child support to the mother. Wyatt noted an appeal to the circuit court on May 15, 1986. A hearing *de novo* was held on May 17, 1989.

At the May 17, 1989 hearing, evidence was presented that Betsy Cease married Steven Cease on March 14, 1978. The parties separated on July 5, 1984, but reconciled in October 1987. The mother was never divorced from Steven Cease. Ashley Cease was born on April 19, 1985. HLA blood tests ordered by the juvenile court indicated that there was a 99.37% probability that Wyatt was the father of the child.

The mother admitted to having sexual intercourse with a number of men between July and September 1984. The mother testified that she and Wyatt had intercourse on July 22, 1984 and July 26, 1984 and that she became pregnant on July 26, 1984. Wyatt concedes that he had sexual intercourse with Cease on July 22, 1985. He also concedes that he saw Cease on July 26, 1984, but denies that they had intercourse on that day. Dr. Foster, who was accepted by the court as an expert in the areas of immunology, paternity testing and microbiology, confirmed that the probable date of conception, based on the child's birth date, was July 26, 1984.

The trial court found that the mother had established by clear and convincing evidence that Wyatt was the biological father of the child. The court therefore ordered Wyatt to pay support to the mother in accordance with Code § 20-60.3. This appeal followed.

On appeal, Wyatt argues that the trial court erred in ordering him to pay support based on its finding, pursuant to Code § 20-49.4, that clear and convincing evidence existed to establish his paternity.[1] Wyatt maintains that the applicable standard is proof beyond a reasonable doubt as set forth in former Code § 20-61.1.[2]

---

[1] Code § 20-49.4, which became effective July 1, 1988, states in pertinent part: "The standard of proof in any action to establish parentage shall be by clear and convincing evidence."

[2] Code § 20-61.1, which was repealed by Acts 1988, read in pertinent part: "Whenever in proceedings hereafter under this chapter concerning a child whose parents are not married, a man admits before any court having jurisdiction to try and dispose of the same,

He claims that although the trial *de novo* in circuit court did not occur until after Code § 20-61.1 had been repealed, he had a substantive right in the higher standard of review because that standard was applicable when the petition was originally transferred to, and heard by, the juvenile court pursuant to RURESA. Wyatt argues that the trial court also erred by applying the clear and convincing standard of proof to the issue whether the presumption of legitimacy had been overcome, claiming that he was also entitled to have this issue proved beyond a reasonable doubt. Finally, Wyatt contends that even assuming that clear and convincing is the proper standard of proof, the evidence before the trial court was not sufficient to establish his paternity or rebut the presumption of legitimacy.

Wyatt concedes that Code § 20-49.4 was the existing statute on the date of the hearing in the trial court. It is also undisputed that Code § 20-61.1 was in effect at the time of the juvenile court proceedings and the filing of the notice of appeal. The question before us, therefore, is whether the evidentiary standard of beyond a reasonable doubt established in Code § 20-61.1, or the standard of clear and convincing evidence set forth in Code § 20-49.4, is the applicable standard with respect to the issue of Wyatt's paternity.

█ The general rule is that statutes are to be applied prospectively absent an express legislative provision to the contrary. *Washington v. Commonwealth*, 216 Va. 185, 193, 217 S.E.2d 815, 823 (1975); *Paul v. Paul*, 214 Va. 651, 653, 203 S.E.2d 123, 125 (1974); *Ferguson v. Ferguson*, 169 Va. 77, 85, 192 S.E. 774, 776 (1937). This rule has been given statutory approval in Code § 1-16.[3] *Ferguson*, 169 Va. at 85-86, 192 S.E. at 776.

---

that he is the father of the child or the court finds that the man has voluntarily admitted paternity in writing, under oath, or if it be shown by other evidence beyond reasonable doubt that he is the father of the child and that he should be responsible for the support of the child, the court may then enter and enforce judgment for the support, maintenance and education of such child as if the child were born in lawful wedlock."

[3] Code § 1-16 provides: "No new law shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision

■ In construing the language of Code § 1-16, the Supreme Court has held that "procedural provisions of the statute in effect on the date of trial control the conduct of the trial insofar as practicable." *Smith v. Commonwealth,* 219 Va. 455, 476, 248 S.E.2d 135, 148 (1978), *cert. denied,* 441 U.S. 967 (1979). Since rules of evidence are procedural, rather than substantive rights or claims, they are not protected from the effect of a repealing statute. *See Virginia & West Virginia Coal Co. v. Charles,* 254 F. 379, 383 (4th Cir. 1918); *see also Crawford v. Halsted & Putnam,* 61 Va. (20 Gratt.) 211, 224 (1871)("[the] mode of conducting a suit, or the rules of practice regulating it, are not the subject of vested rights").

Applying these principles to the case before us, we hold that the statutory provisions establishing the burden of proof in a paternity proceeding as set forth in both Code § 20-61.1 and Code § 20-49.4 are procedural provisions. Accordingly, the trial court did not err in determining Wyatt's paternity in accordance with the clear and convincing standard set forth in Code § 20-49.4, the standard in effect on the date of trial.

■ In addition, the trial court did not err in determining that the evidence before it was sufficient to overcome the presumption of legitimacy. It is well settled that "every fair presumption should be indulged in favor of legitimacy." *Hoover v. Hoover,* 131 Va. 522, 546, 109 S.E. 424, 426 (1921). Consequently, courts of this state have found that a presumption of law exists in favor of the legitimacy of a child born in wedlock. *Gibson v. Gibson,* 207 Va. 821, 825, 153 S.E.2d 189, 192 (1967). This presumption can be rebutted by "strong, distinct, satisfactory and conclusive" evidence. *Cassady v. Martin,* 220 Va. 1093, 1097, 266 S.E.2d 104, 106 (1980)(quoting *Scott v. Hillenberg,* 85 Va. 245, 247, 7 S.E. 377, 378 (1888)).

Although Code § 20-49.4 does not specifically set forth a standard of proof sufficient to overcome the presumption of legitimacy, it does state that clear and convincing evidence is the standard of proof in any action to establish parentage. In the case before us, the trial court found that clear and convincing evidence was presented that Wyatt, not Cease, was the father of the child.

may, with the consent of the party affected, be applied to any judgment pronounced after the new law takes effect."

In making this determination, the trial court implicitly found that the mother had presented sufficient evidence to overcome the presumption of legitimacy. This evidence included HLA blood test results which indicated a 99.37% probability of paternity, testimony by the mother as to the fact of sexual intercourse between the parties on the probable date of the child's conception, and corroborating testimony by Wyatt as to sexual relations between the two at the approximate time of the child's conception. Based on this evidence, we find no error in the trial court's determination that the mother had provided sufficient evidence to overcome the presumption of legitimacy. *Cf. NPA v. WBA*, 8 Va. App. 246, 249-50, 380 S.E.2d 178, 180 (1989)(evidence consisting of HLA test results which conclusively disproved paternity in conjunction with wife's admission of intercourse with another man during the period of separation was sufficient to overcome the presumption of legitimacy). In addition, we find that this evidence is sufficient to establish Wyatt's paternity in accordance with Code § 20-49.4. *See Lawrence v. Bluford-Brown*, 1 Va. App. 202, 204, 336 S.E.2d 899, 900 (1985)(evidence of genetic blood grouping test along with evidence of putative father's access during probable period of conception sufficient to establish paternity pursuant to higher standard set forth in Code § 20-61.1).

The issue of the mother's credibility and the weight to be given her testimony was one for the trial court to resolve, and the trial court's findings will not be reversed on appeal unless plainly wrong or without evidence to support them. *See Yates v. Commonwealth*, 4 Va. App. 140, 143, 355 S.E.2d 14, 16 (1987). Based on the record before us, we hold that the findings of the trial court are amply supported by the evidence.

For these reasons, we affirm the decision of the trial court.

*Affirmed.*

Koontz, C.J., and Duff, J., concurred.