## CIRCUIT COURT OF CAMPBELL COUNTY

Virginia Leasing and Systems Corp.

v.

W. O. Laughlin, Jr.

July 3, 1991

By JUDGE J. SAMUEL JOHNSTON, JR.

After a review of the evidence presented and submitted authorities, I publish this as my opinion in the pending case. Defendant raises two issues in support of its motion to dismiss. I find no merit in its attack on the constitutionality of § 13.1-119. My opinion relates to the issue of whether plaintiff's claim is barred because of the federal litigation and judgment entered therein or allowed because of the rights bestowed on plaintiff by virtue of § 13.1-119 of the Code of Virginia.

I find that plaintiff is not collaterally estopped from bringing this action against defendant in his individual capacity. Laughlin, as an individual, was a stranger to the federal court action. Accordingly, he is precluded from asserting the doctrine of collateral estoppel in this action. *See, Dual & Associates, Inc. v. Wells,* 241 Va. 542 (1991).

I do find that defendant's motion to strike or dismiss should be sustained for the following reasons. When the contractual obligation (note) was executed in 1985, Section 13.1-119 was in effect, and it imposed personal liability against the president of a foreign corporation if the corporation were doing business in Virginia without a

certificate of authority. That, of course, is the extant scenario.

In January, 1986, § 13.1-119 was repealed and replaced by § 13.1-758 which authorized only a monetary penalty for doing business without a certificate of authority. The breach of contract occurred in August of 1986 and a judgment in federal court was obtained in February of 1990 against the corporation only.

The pertinent inquiry for me is to determine whether Section 13.1-119 afforded plaintiff a contractual right or was merely a remedy for the enforcement of a breach of a contract. I find that § 13.1-119 did not bestow a cause or right upon the plaintiff but merely afforded a remedy for enforcement of his right. Virginia Code Section 1-16 would save for the plaintiff the right to bring this suit if § 13.1-119 accorded plaintiff a cause of action or created a vested right but would accord plaintiff nothing if it afforded a remedy or dealt with procedure. Simply stated, it is my opinion that repeal of § 13.1-119 did not impair any contractual relationship or right that plaintiff enjoyed.

Virginia joined the majority of states when § 13.1-119 was replaced and § 13.1-758 was enacted. *See* D. T. Murphy, *The New Virginia Stock Corporation Act: A Primer*, 20 U. Rich. L. Rev. 67 (1985), and Note, *Sanctions For Failure To Comply With Corporate Qualification Statutes: An Evaluation*, 63 Colum. L. Rev. 117 (1963). Plaintiff lost no right when § 13.1-119 was repealed. His contract with the defendant corporation was not abrogated or impaired in any way by the statute's repeal, and § 13.1-758 merely altered the procedure or remedy for a violation such as the extant one. *Cf. Phipps v. Sutherland*, 201 Va. 448 (1959), *Wyatt v. Virginia Department of Social Services*, 11 Va. App. 225 (1990), *Brushy Ridge Coal Co. v. Blevins*, 6 Va. App. 73 (1988), and *Paul v. Paul*, 214 Va. 651 (1974). This cause of action having arisen after January 1, 1986 (the effective date of § 13.1-758) is governed by that section. The breach created the cause of action. *Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 237 Va. 543 (1989).