**Richmond**

WILLIAM L. SMITH

v.

CHERYL H. SMITH

No. 1656-93-2

Decided October 25, 1994

COUNSEL

Robert N. Johnson (Robert N. Johnson, Jr.; Anne M. Johnson; Robert N. & Anne M. Johnson, Inc., on briefs), for appellant.

Barry W. Norwood, for appellee.

OPINION

**BARROW, J.**—This appeal is from a decree holding that a property settlement agreement, entered into prior to an unsuccessful reconciliation attempt, was unenforceable, except as to those provisions which had been executed prior to the reconciliation. We hold that the agreement was enforceable because it was not revoked by a written agreement signed by the parties.

Following a property settlement agreement, prepared by the wife's attorney and executed by the husband and wife on December 21, 1990, the wife left the marital home. Four months later, the parties executed an addendum to the agreement. The separation agreement included the following provision:

> 6. *Effect of Reconciliation.* In the event of reconciliation and resumption of the marital relationship between the parties, the provisions of this agreement for the settlement of property rights shall nevertheless continue in full force and effect without abatement of any terms or provisions hereof, except as otherwise provided by written agreement duly executed by each of the parties in consideration of the reconciliation.

The parties reconciled in November 1991, and the wife returned to the marital home. However, in June 1992, the parties again separated. The court removed the original pending divorce action from the docket, and the husband initiated the present suit, seeking a divorce and ratification of the provisions of the agreement between the parties. The trial court granted the divorce, but determined that the agreement was "invalid and unenforceable, except as to those provisions which have been executed prior to reconciliation."

We previously held that a property settlement agreement is not abrogated by a later reconciliation of the parties where the agreement provides otherwise. *Jennings v. Jennings*, 12 Va. App.

1187, 1198, 409 S.E.2d 8, 15 (1991). The wife argues that *Jennings* does not apply to this case, because the agreement in *Jennings* was entered into in anticipation of reconciliation in order to protect the wife's rights in the event the reconciliation failed. The agreement in this case, she contends, was entered into in anticipation of a separation.

However, the decision in *Jennings* was not based on the fact that the agreement was entered into in anticipation of separation. Instead, the Court in *Jennings* relied on the express language of the agreement. *See id.*

■ Any uncertainty on this question has been resolved by the General Assembly. The Premarital Agreement Act provides that such an agreement "may be amended or revoked only by a written agreement signed by the parties." Code § 20-153.[1] This provision applies also to agreements entered into by married persons "for the purpose of settling the rights and obligations of either or both of them, to the same extent, with the same effect, and subject to the same conditions . . . as . . . agreements between prospective spouses." Code § 20-155.

Because the parties had not revoked their agreement in writing, the agreement remained effective, even though the parties unsuccessfully attempted reconciliation. For this reason, the decree is reversed, and the proceeding is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

Koontz, J., and Elder, J., concurred.

---

[1] Three of our earlier decisions finding that the parties' reconciliation impliedly revoked their agreement were based on agreements executed before the effective date of the statute. *Hurt v. Hurt,* 16 Va. App. 792, 798, 433 S.E.2d 493, 497 (1993) (agreement executed June 2, 1983); *Crenshaw v. Crenshaw,* 12 Va. App. 1129, 1131, 408 S.E.2d 556, 556 (1991) (Premarital Agreement Act applicable to agreements executed on or after July 1, 1986, Code § 20-147, and agreement executed in 1964); *Yeich v. Yeich,* 11 Va. App. 509, 510, 399 S.E.2d 170, 171 (1990) (agreement executed December 1983).