COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Elder
Argued at Richmond, Virginia


WILLIAM L. SMITH
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 2618-95-2           JUDGE JAMES W. BENTON, JR.
                                         JULY 2, 1996
CHERYL H. SMITH


             FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

          Robert N. Johnson (Robert N. & Anne M.
          Johnson, Inc., on brief), for appellant.

          No brief or argument for appellee.



     This appeal arises from a judgment enforcing the terms of a

property settlement agreement.  William L. Smith, the former

husband, contends that the trial judge committed ten errors.  We

affirm nine of the trial judge's rulings and reverse only his

decision concerning the life insurance policies.

     The record establishes that William L. Smith and Cheryl H.

Smith, then husband and wife, separated and executed a property

settlement agreement dated December 21, 1990.  They agreed upon

an addendum to the agreement on April 23, 1991.  The parties

later reconciled for a time but then marital difficulties arose

again.  In a final decree of divorce entered in 1993, the trial

judge declared the "agreement and addendum invalid and

unenforceable, except as to those provisions which have been

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

executed prior to the reconciliation."

The wife appealed the trial judge's refusal to enforce the agreement. This Court reversed the trial judge's ruling and stated that "[b]ecause the parties had not revoked their agreement in writing, the agreement remained effective, even though the parties unsuccessfully attempted reconciliation." Smith v. Smith, 19 Va. App. 155, 157, 449 S.E.2d 506, 507 (1994). On remand, the trial judge set aside the provisions of the final decree that voided the property settlement agreement and heard evidence concerning the property settlement agreement.

After an evidentiary hearing, the trial judge ruled, in pertinent part, as follows:

1. husband owes wife $5,000.00 from the 1991 tax return.

2. husband must maintain a life insurance policy, similar to the one in effect on January 1, 1990, on his own life with the wife as a beneficiary.

3. The husband owes the wife $1,800.00

4. The marital residence shall be placed on the market and when sold, the proceeds shall be divided equally between the two parties.

5. The husband owes the wife $400 per month until the residence is sold.

6. The husband owes the wife $750.00 in attorney's fees.

7. The husband shall receive a credit of $2,500.00 for items in the garage.

8. The husband shall receive a credit of $2,500.00 for the payment of attorney's fees to enforce the agreement.

The husband now appeals the trial judge's rulings concerning the property settlement agreement.

> On appeal, we apply the following well established rules:
> Under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below, . . . .  "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled."  We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992)(citations omitted).

### 1.  Income tax refund.

Under paragraph 11(g) of the separation agreement, the parties agreed to file joint tax returns for 1991 and agreed that the wife would receive $5,000 or one-half of the refund, whichever sum was greater.  The parties received the refund during the attempted reconciliation and placed it in a joint account.  The husband argues that upon deposit of the money into the joint account, he complied with paragraph 11(g) of the property settlement because the wife had access to the money.

The wife testified that she did not receive the $5,000. Furthermore, the evidence failed to prove the amount of the refund, the amount in the joint account at the time of the refund deposit and the number and amount of withdrawals from the account.  On this evidence, the trial judge ruled the evidence

failed to prove that the wife received the amount she was owed. We agree.

That the wife later took the account balance of $2,900, did not prove that she received the $5,000 that the husband owed her. The evidence did not prove that the remaining balance was a portion of the refund. Without proof of the account transactions we cannot say the trial judge should have credited the husband for the $2,900 withdrawn by the wife. The wife testified that she did not receive $5,000. The evidence does not disprove the hypothesis that the husband removed from the account the refund amount and other sums. Thus, the ruling is not plainly wrong or without evidence to support it. Box v. Talley, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986).

## 2. Life insurance policy.

Paragraph 11(h) of the initial agreement stated that the parties "shall be or remain the beneficiary of all life insurance policies on each other's life in effect as of January 1, 1990." During the marriage two different life insurance policies insured the husband and named the wife as the beneficiary. In the final decree the trial judge ordered the husband to "maintain a life insurance policy, similar to the policy or policies in effect on his life as of January 1, 1990, with [the wife] as the beneficiary." The husband claims that he fulfilled the terms of the agreement and that the wife should be estopped from enforcing this provision of the agreement.

The husband testified that he and the wife jointly decided during the reconciliation to let one policy lapse because of its exorbitant cost. The wife testified that the policy lapsed but did not explain why. Thus, the husband's testimony was uncontradicted. "'Elements necessary to establish equitable estoppel, absent a showing of fraud and deception, are a representation, reliance, a change of position, and detriment.'" Lataif v. Commercial Indust. Constr., Inc., 223 Va. 59, 63, 286 S.E.2d 159, 161 (1982)(citation omitted). See also Emrich v. Emrich, 9 Va. App. 288, 294, 387 S.E.2d 274, 276-77 (1989). The husband's testimony that they allowed the policy to lapse because both he and the wife agreed that the policy cost too much establishes that the husband acted out of reliance upon the wife's statements. See Khoury v. Memorial Hospital, 203 Va. 236, 243, 123 S.E.2d 533, 538 (1962). Because he changed his position to his detriment, we hold that the trial judge erred in not estopping the wife from enforcing this portion of the agreement.

The evidence also proved that the husband's employer terminated his other life insurance benefit for which the wife was named a beneficiary. The agreement only required that the wife remain a beneficiary of this policy. Thus, the husband complied with the agreement even though the employer terminated the benefit. Furthermore, the parties did not reasonably foresee the cancellation of the policy at the time of the agreement. Consequently, we hold that the trial judge erred in requiring the

husband to obtain replacement policies.

### 3.  $1,800 payment.

Under paragraph 11(i) of the agreement, the husband agreed to pay the wife $1,800 on January 1, 1992.  The wife testified that she did not receive the money.  The husband testified that she refused the sum when he offered it to her.

The husband argues that the wife should be estopped from collecting because she refused his tender.  He also argues that he should be credited for the $2,900 she withdrew from their joint bank account.  Based on the ruling on this issue, the trial judge obviously chose to believe the wife's testimony over that of the husband's.  Nothing in the record suggests that this finding of fact was plainly wrong.  Bailes v. Sours, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986).  As we previously stated, the proof regarding the amount and use of funds in the account is lacking.  Accordingly, we find no error.

### 4.  Sale of the marital residence.

Paragraph 12 of the agreement required the jointly-owned marital residence to be sold unless the husband purchased the wife's interest by June 1, 1992.  The uncontradicted evidence proved that the husband had not purchased the wife's interest by that date.  Accordingly, we hold that the trial judge did not err in ordering the sale.

### 5.  Husband's payment of $400 per month to the wife until the sale of the marital residence.

The parties waived spousal support and other rights in paragraph 14 of the agreement except as follows:

> "[I]f the home of the parties is not sold by January 1, 1993 and the proceeds divided by the parties, Husband shall pay to the Wife the sum [of] $400.00 per month until such time as Wife receives her share of the proceeds from the sale of the home . . . unless the receipt of the proceeds is delayed due to Wife's unreasonable refusal to cooperate in the sale of the home."

The husband testified that he "stopped [paying $400 monthly] when the Appeals Court passed its ruling on the validity of the Agreement." He claimed that the wife "unreasonabl[y] refus[ed] to cooperate in the sale of the home." However, the wife testified that they received offers to sell the residence and the husband refused the offers. Upon this evidence the trial judge found that the wife did not unreasonably refuse to cooperate in the sale of the home. The trial judge has the duty to resolve witnesses' credibility and such "findings will not be reversed on appeal unless plainly wrong or without evidence to support them." Wyatt v. Virginia Dep't of Social Servs., 11 Va. App. 225, 230, 397 S.E.2d 412, 415 (1990). We hold that the trial judge committed no error in resolving this issue.

### 6.  The wife's attorney's fees.

The husband agreed to pay one-half of the wife's attorney's fees and costs in connection with any suit for divorce or involving the property agreement. On this appeal, he claims that her contest of the validity of the agreement bars her recovery of

attorney's fees.

The decision to award attorney's fees is within the discretion of the trial judge and will only be reversed for an abuse of discretion. Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976). "[T]he key to a proper award of [attorney's] fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). After hearing the evidence in this case, the trial judge did not abuse his discretion in awarding the wife $750 in attorney's fees for the preparation of the settlement agreement and representation in the divorce proceeding.

7. Credit of $2,500 for the items in the garage.

The husband received ownership of the contents of the garage under paragraph 11(b) of the agreement. The husband testified that he never obtained possession of the items in the garage because they were removed during the time he was locked out of the house. Based upon the husband's testimony as to the value of the property in the garage, the trial judge did not err in allowing a $2,500 credit for the items.

8. The husband's attorney's fees.

In Paragraph 10 of the agreement, the parties agreed that the defaulting party should be responsible for any costs incurred by a party successfully enforcing the agreement. The husband's exhibits showed that during two different time periods he paid

legal fees of $3,905 and $4,630.52. The same trial judge heard all of the evidence and issued all of the decrees in this case. Based upon his familiarity with the proceedings, we do not find that he abused his discretion in reducing the husband's recovery to $2,500. Ingram, 217 Va. at 29, 225 S.E.2d at 364.

### 9. The husband's costs.

The husband argued that he incurred costs of $57,671.61 because the wife refused to honor the agreement. The husband prepared an exhibit of those costs. However, the evidence failed to establish that those costs had an actual nexus to any loss that he suffered because of the wife's conduct. The husband offered no explanation of most of the costs. Without further evidence of why he incurred such costs, we will not reverse the trial judge's ruling.

### 10. Personal property.

The husband contended that the evidence proved he acquired separate tangible personal property with a value of $7,323 during the parties' separation and reconciliation. He also alleged that the wife took this property. The wife denied taking the property. The trial judge's decision based upon a resolution of conflicting oral testimony is not plainly wrong or without evidence to support it. Wyatt, 11 Va. App. at 226, 397 S.E.2d at 412.

For these reasons, the judgment is affirmed except as to the provisions for the life insurance policies.

Affirmed, in part,

<u>and reversed, in part.</u>