COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia


JOHN DOUGLAS CLARK

v.  Record No. 1531-97-2

SUSAN LITTLE BUNDY CLARK

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. BENTON, JR.
SEPTEMBER 15, 1998

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

J. Barrett Jones (Jones & Green, on briefs),
for appellant.

Ronald R. Tweel (Elizabeth P. Coughter;
Michie, Hamlett, Lowry, Rasmussen & Tweel, on
brief), for appellee.


In this appeal from a divorce decree, the parties challenge
numerous rulings of the trial judge concerning equitable
distribution, spousal support, and attorney's fees.  For the
reasons that follow, we affirm the trial judge's rulings in part,
reverse in part, and remand for reconsideration.

BIFURCATION OF PROCEEDINGS

The husband contends the trial judge erred in failing to
bifurcate the divorce proceedings from the equitable distribution
proceedings or, in the alternative, enter the divorce nunc pro
tunc to 1996.

The record establishes that on August 22, 1996, the husband
moved the trial judge to bifurcate the proceedings and grant a

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

divorce a vinculo matrimonii.  At the December 5 hearing on this motion, the trial judge requested that the husband "satisfy the Court that the granting of a divorce [without simultaneous adjudication of equitable distribution] would not have any effect on the rights of [the wife] in and to a marital share of his pension plans."  In response, the husband proffered a proposed "bifurcation agreement" by which the trial judge would retain jurisdiction over the remaining matters in the case in the event one of the parties should die prior to a final adjudication.

The husband wanted the divorce entered in 1996 to enable him to use the "single" filing status on his 1997 income tax return. He alleged that if the divorce decree was not entered until 1997, he would be forced to file as "married filing separately" and would pay approximately $6,165 more in taxes.  The judge declined to bifurcate the proceedings or grant the divorce in 1996.

Code § 20-107.3(A) authorizes a trial judge to enter a divorce while retaining jurisdiction to adjudicate equitable distribution.  In relevant part, it provides as follows:

> Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, . . . [t]he court, on the motion of either party, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section when the court determines that such action is clearly necessary, and all decrees heretofore entered retaining such jurisdiction are validated.

Code § 20-107.3(A) (emphasis added).  Nothing in the statute

requires a trial judge to grant every motion for bifurcation. Indeed, this Court recently held that the statute requires "that the trial [judge] must make a specific finding of clear necessity for granting the divorce while retaining jurisdiction to decide equitable distribution issues." Christensen v. Christensen, 26 Va. App. 651, 655, 496 S.E.2d 132, 134 (1998).

The husband was unable to provide the trial judge assurance that the wife's interest in the marital share of the husband's pension would not be adversely affected if the trial judge granted the divorce and the husband died prior to equitable distribution. In view of the trial judge's finding that the husband's proposed agreement to address the issue did not satisfy this requirement, we cannot say that the trial judge erred in failing to find that the potential tax savings rendered bifurcation "clearly necessary." Thus, we hold that the trial judge did not abuse his discretion in refusing to bifurcate the proceedings.

"An order entered nunc pro tunc cannot create a fiction that an act not yet performed has already occurred. Rather, the power of the trial court to amend by nunc pro tunc order is restricted to placing upon the record evidence of judicial action which has already been taken, but was earlier omitted or misstated in the record." Holley v. City of Newport News, 6 Va. App. 567, 568, 370 S.E.2d 320, 321 (1988) (citation omitted). By denying the motion to bifurcate the proceedings, the trial judge denied the

request to grant the divorce in 1996.  Accordingly, the trial judge did not err in refusing to enter the divorce decree <u>nunc pro tunc</u> to be effective in 1996.

## INCORPORATION OF MARITAL AGREEMENT

The trial judge denied the husband's request that the trial judge incorporate the parties' marital agreement of October 29, 1992 into the final divorce decree. The husband argues that because the parties separated in July 1994, they never "reconciled." Thus, he contends the agreement remained valid and enforceable. Furthermore, he contends that even if the parties did reconcile, the provisions of the agreement evince the parties' intent that the agreement would not be abrogated by reconciliation.

A marital agreement is not abrogated by a later reconciliation of the parties where the agreement provides otherwise. See Jennings v. Jennings, 12 Va. App. 1187, 1198, 409 S.E.2d 8, 15 (1991); Smith v. Smith, 19 Va. App. 155, 156, 449 S.E.2d 506, 506 (1994). The agreements in Jennings and Smith contained provisions stating that "[i]n the event of a reconciliation and resumption of the marital relationship between the parties," the agreement "shall continue in full force and effect without abatement of any terms." Jennings, 12 Va. App. at 1198, 409 S.E.2d at 15; Smith, 19 Va. App. at 156, 449 S.E.2d at 506. By statute, such agreements "may be amended or revoked only by a written agreement signed by the parties." Code § 20-153.

The issue in this case is whether the terms of the agreement provide that the agreement not be abrogated upon reconciliation. Section (H) of the agreement provides as follows:

> In the event that the reconciliation

efforts prove successful, the parties acknowledge that, at some point, the Court must by law consider the marriage to be resumed and the separation ended, which may affect their mutual rights and claims, as well as the date determined by the Court to be appropriate for evaluating marital property.

The evidence in the record proves that the wife filed for divorce in July 1992.  The parties then agreed to attempt a reconciliation.  They entered into this marital agreement in October 1992.  The husband and wife resumed cohabitation for almost two years until they finally separated in July 1994.

The trial judge "[found] that the parties reconciled and the terms of the agreement do not call for its enforcement in light of a reconciliation.  Instead, the agreement leaves to the Court a fair adjudication of matters pertaining to equitable distribution."  The evidence supports the trial judge's finding that the parties reconciled.  The trial judge also correctly interpreted the agreement because the terms of the agreement did not require enforcement if a reconciliation occurred.  Therefore, we affirm the trial judge's ruling that when the parties reconciled, the agreement was not enforceable.

EQUITABLE DISTRIBUTION

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case. Unless it appears from the record that the [judge] has abused his discretion or has failed to consider or has misapplied one of the statutory factors, his determination will not be reversed on appeal.

Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990) (citations omitted).

### Defined Benefit Retirement Plan

Asserting that the wife presented no evidence regarding his defined benefit retirement plan, the husband contends the trial judge's refusal to grant the husband's motion to strike the evidence on this issue was error. We disagree.

Code § 20–107.3(A) requires a trial judge to determine the ownership and value of all real and personal property of the parties before making a monetary award. "The burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made." Hodges v. Hodges, 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986). However, a trial judge "may not arbitrarily refuse to classify or evaluate marital or separate property where sufficient evidence to do so is in the record." Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 550 (1987). Furthermore, the trial judge "may not refuse or fail to give parties a reasonable opportunity to develop and present evidence of value." Id.

The trial judge overruled the husband's motion to strike the evidence and noted that the plan was an asset that had been disclosed pre-trial.  At trial, the wife presented evidence of the length of the marriage.  The evidence disclosed the husband's length of employment.  These two factors were sufficient to value the wife's share in the pension plan.  The husband, on cross-examination, testified to the formula to which these figures would be applied.  The trial judge was aware of the plan and used this formula as the basis for his award.  The marital share of the fund was easily identifiable from evidence before the judge concerning the date of the marriage and the length of service of the husband in the plan.  Thus, we cannot say that the trial judge abused his discretion in overruling the husband's motion to strike the evidence.

### The Tangible Personal Property

The husband contends the trial judge erred in classifying as marital property certain tangible personal property purchased by the husband with funds from a money market account, which contained his separate funds.  The husband argues this property should have been classified as separate property because it was purchased with separate funds.  He also argues that because he kept a ledger of all purchases he made from the separate funds, these funds and any purchases from these funds were maintained as separate property.

At the evidentiary hearing, the husband testified that upon

his marriage he deposited $80,000 of his separate inheritance into a money market account. The husband also deposited marital funds into that account. The husband testified that he kept detailed computer records of the purchases he made from this account in order to "trace" the source of the funds used for each purchase. The evidence proved, however, that the husband did not start to create this computer ledger until after the parties separated in 1992. Therefore, from October 1989, the date of the marriage, until July 1992, there was no "tracing" of the husband's spending from this account. Furthermore, the husband did not contemporaneously track his spending. He testified that he usually waited at least until the end of the month to record the transactions. He also arbitrarily decided "at the time [he] wrote the check whether it was [his] intent that it be separate or that it be marital."

"All property acquired by either spouse during the marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property. . . . The party claiming that property should be classified as separate has the burden to produce satisfactory evidence to rebut this presumption." Stroop v. Stroop, 10 Va. App. 611, 615-16, 394 S.E.2d 861, 863 (1990). As pertinent to this issue, the statute also provides that "[w]hen marital property and separate property are commingled into newly acquired property resulting in the loss of identity of the contributing properties, the commingled property shall be

deemed transmuted to marital property." Code § 20-107.3(A)(3)(e). The contributed property only retains its original classification "to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift." Id.

The trial judge found that the property was purchased with commingled funds and that the property had been enjoyed by both parties during the marriage. The evidence proved the husband did not track any of his expenditures for marital property. Furthermore, the husband's evidence failed to prove that funds withdrawn from the account were designated at the time of purchase as separate or marital. Therefore, the judge found that the husband had not met his burden of proving that the tangible personal property acquired during the marriage using the funds from this account was separate property. The evidence supports the trial judge's finding. In view of the evidence and the trial judge's findings, we hold that the trial judge did not abuse his discretion in classifying the tangible personal property purchased by the husband with funds from this account as marital property.

Marital Share of Husband's Separate Real Estate

The wife contends the trial judge erred in finding the evidence insufficient to prove she was entitled to an interest in the husband's three parcels of real estate. The wife argues the evidence proved that marital property was contributed to the

husband's separate property and that she was able to retrace the contributed property. Thus, she argues that under Code § 20-107(A)(3)(d) the marital property retains its original classification and does not become transmuted into the separate property.

Code § 20-107.3(A)(3) creates hybrid property that is "part marital and part separate." See also Rahbaran v. Rahbaran, 26 Va. App. 195, 205, 494 S.E.2d 135, 140 (1997). In pertinent part the statute states that "[w]hen marital property and separate property are commingled by contributing one category of property to another, resulting in the loss of identity of the contributed property, the classification of the contributed property shall be transmuted to the category of property receiving the contribution. However, to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift, such contributed property shall retain its original classification." Code § 20-107.3(A)(3)(d).

"The goal of the retracing process is to link a transmuted asset to its primary source, which is either separate property or marital property." von Rabb v. von Rabb, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997). As we noted in Rahbaran, marital property "'does not become untraceable merely because it is mixed with [separate] property in the same asset. As long as the respective marital and separate contribution to the . . . asset can be identified, the court can compute the ratio and retrace

- 11 -

both interests.'"  26 Va. App. at 209, 494 S.E.2d at 141-42 (citations omitted).

The trial judge found that $119,800 of marital funds were used to make mortgage payments on the husband's separate parcels of real estate.  The judge also found that marital funds were used to repair a furnace ($2,715), to provide gravel for the roadway of one of the properties ($750), to pay taxes on the properties ($4,200), and to pay insurance ($1,665).  These findings establish that the evidence was sufficient to retrace the contribution of marital funds.  Cf. Rowe v. Rowe, 24 Va. App. 123, 136, 480 S.E.2d 760, 766 (1997) (holding that evidence which proved the husband invested $82,000 of his separate funds was "sufficient for purposes of Code § 20-107.3(A)(3)(d) to retrace the property claimed as separate by the husband").  See also Hart v. Hart, 27 Va. App. 46, 63-66, 497 S.E.2d 496, 505 (1998) (approving the use of the Brandenburg v. Brandenburg, 617 S.W.2d 871 (Ky. App. 1981), methodology for tracing).

Accordingly, we reverse the trial judge's ruling on this issue, and we remand to the trial judge for reconsideration of the equitable distribution decision.  Because the trial judge must reconsider the award, we need not address the husband's argument on a related issue, i.e., that the trial judge improperly considered as a factor under Code § 20-107.3(E)(10) the husband's expenditure of $130,000 of marital funds on his separate real estate.

HUSBAND AS WITNESS

The wife contends the trial judge erred in refusing to allow her to call the husband as a witness in her case-in-chief. The trial judge based his decision on the wife's failure to designate the husband as a witness in accordance with the pretrial order, which provided that "counsel shall serve on other counsel a list of witnesses proposed to be called" and "[w]itnesses not so identified shall not be called . . . at trial."

Ordinarily, a judge's "decision of whether and how to enforce [a pretrial] . . . order is reviewed only for an abuse of discretion." Parish v. Spaulding, 26 Va. App. 566, 576, 496 S.E.2d 91, 96 (1998). However, we note that in Gumenick v. United States, 213 Va. 510, 193 S.E.2d 788 (1973), the Supreme Court stated that plaintiff's counsel was entitled to call the defendants as adverse witnesses even though the defendant complained that the "names of these defendants had not been furnished [to opposing counsel] as persons the plaintiff intended to call as witnesses and plaintiff's counsel issued no summons for their attendance in court." Id. at 520, 193 S.E.2d at 796. The Court reasoned that "[p]arties to a civil action being tried in court are customarily expected to be present" and that a party "was entitled to call the [other parties] as adverse witnesses irrespective of whether or not they had been summoned." Id.

In this case, the trial judge's refusal to allow the wife to call the husband to testify in her case-in-chief was an abuse of

discretion.  The obvious purpose of the pretrial order was to prevent surprise testimony from previously unidentified witnesses and to permit parties to prepare for trial.  A party cannot claim that the substance of his own testimony could have surprised him.  Moreover, the husband ultimately testified at trial.  Thus, his testimony as an adverse witness would not have violated any substantial policy behind the requirements of the pretrial order.  This error may have been prejudicial to the wife because she was unable to elicit detailed information from the husband concerning the various contributions of marital property to the husband's separate real estate.  Indeed, at the close of the wife's case-in-chief, the trial judge granted the husband's motion to strike the wife's evidence as insufficient to prove the marital contributions caused an increase in the value of the property.

We note the record indicates that when the wife sought to call the husband as an adverse witness, he was not then in the courtroom.  In view of the uncertainty of this circumstance and because we must remand this matter for reconsideration of the equitable distribution award, we will not analyze further whether the trial judge's refusal to allow the wife to call the husband as an adverse witness was harmless error.

SPOUSAL SUPPORT

Whether to award spousal support and the particular amount lies within the sound discretion of the trial judge.
> A spouse's entitlement to support and the
> amount of a support award are matters lying
> within the sound discretion of the trial

- 14 -

court.  Any such award "will not be disturbed on appeal unless it is clear that some injustice has been done."  In calculating the amount of spousal support, the trial court must consider the factors set forth in Code § 20-107.1.  However, "[t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."

McCombs v. McCombs, 26 Va. App. 432, 436, 494 S.E.2d 906, 908 (1998) (citations omitted).

Among the factors listed by the trial judge in calculating the award were the parties' earning capacity, financial resources, education, standard of living during the marriage, the equitable distribution award, and the tax consequences of the spousal support award.  The evidence before the judge related to all of these factors as well as such other factors as were necessary to consider the equities between the parties.  No evidence supports the husband's claim that the trial judge abused his discretion.  However, because the trial judge must reconsider the equitable distribution award, the trial judge should reconsider the award of spousal support.  See Code § 20-107.1(8).

ATTORNEY'S FEES

"An award of attorney's fees to a party in a divorce suit is a matter within the sound discretion of the trial judge, after consideration of the circumstances and equities of the entire case."  Ellington v. Ellington, 8 Va. App. 48, 58, 378 S.E.2d 626, 631 (1989); see Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The husband contends the trial judge

erred in disallowing evidence from the husband's attorneys regarding the amounts of fees attributable to the wife's conduct in the litigation and thereby abused his discretion by failing to award the husband attorney's fees.

The trial judge disallowed the evidence because (1) the attorneys could only provide estimates of their fees attributable to enforcement of discovery requests and time spent on motions to dismiss and to consolidate and (2) the records kept by the attorneys, rather than the testimony of the attorneys, would be the best evidence of this information. In his letter opinion, the trial judge took notice of the fact that the wife filed five separate suits against the husband from 1992 through 1995 and that the present suit is a consolidation of the separate maintenance claim and a suit for divorce. He recognized that those suits resulted in hearings, dismissals, and consolidation of the suits. The judge also noted that there were a number of motions regarding temporary spousal support and motions to compel discovery.

Noting that the trial judge denied attorney's fees to the wife in the two orders granting pendente lite awards, the husband also argues the that trial judge abused his discretion in awarding the wife $750 relating to the temporary spousal support awards. However, this Court has ruled that "[t]he matter of pendente lite support remains within the control of the court and the court can change its mind while the matter is still pending."

Pinkard v. Pinkard, 12 Va. App. 848, 853, 407 S.E.2d 339, 342 (1991). The record establishes that the trial judge took under advisement the matter of the wife's attorney's fees for the temporary support awarded to the wife. The judge then found that it was appropriate to award her $750 regarding this support. The record fails to establish that the trial judge abused his discretion.

The wife argues the trial judge erred in failing to award her attorney's fees other than those associated with obtaining temporary spousal support and in defending the husband's motion to disqualify the wife's attorney. She bases her argument on the following language in Thomas v. Thomas, 217 Va. 502, 229 S.E.2d 887 (1976): "where, as here, the trial [judge] finds the wife needs and is entitled to maintenance and support and the husband has the financial ability to meet those needs, [his] failure to award counsel fees to her is, in our opinion, an abuse of [his] discretion." Id. at 505, 229 S.E.2d at 890.

However, in Artis v. Artis, 4 Va. App. 132, 354 S.E.2d 812 (1987), this Court stated the following:

> We do not believe that the court in Thomas intended to adopt a rule that whenever a wife is granted support, the trial court must automatically award attorney's fees. An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case. The equities in the Thomas case warranted an award of attorney's fees.

Id. at 138, 354 S.E.2d at 815 (citations omitted).

In the present case, the evidence proved that the wife's attorney's fees totaled approximately $32,000 and the husband's attorney's fees totaled over $90,000. The trial judge awarded the wife $500 for her attorney's fees incurred in defending the husband's motion to disqualify the wife's counsel and $750 regarding the temporary award of spousal support. The judge stated that "the parties shall bear his or her own attorney's fees for the other aspects of these suits." The trial judge concluded that the wife had ample resources to pay her own attorney's fees. The evidence proved that the wife was employed, making a reasonable salary, and had a number of assets. Under these circumstances, we cannot hold that the limited award of attorney's fees was an abuse of discretion.

"We have said that 'the key to a proper award of counsel fees . . . [is] reasonableness under all of the circumstances revealed by the record.'" Westbrook v. Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988) (citation omitted). Upon consideration of the entire record before us, we conclude that neither party has met his or her burden to prove the trial judge abused his discretion relating to the award or denial of requests for attorney's fees.

For the foregoing reasons, the decree is affirmed in part, reversed in part and remanded for reconsideration. On remand, the trial judge shall award the wife her reasonable attorney's fees expended on this appeal.

<u>Affirmed in part,
reversed in part, and
remanded for reconsideration.</u>