COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Kelsey


SANDRA MARIA DOROUGH

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0836-04-4          JUDGE RUDOLPH BUMGARDNER, III
                                                    NOVEMBER 23, 2004
TAMMY DOROUGH, F/K/A
 THOMAS DOROUGH


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Jane Marum Roush, Judge

            (Robert F. Zaniel; Allred, Bacon, Hafhill & Young, P.C., on briefs),
            for appellant. Appellant submitting on briefs.

            (Peter M. Fitzner; Matthews, Snider, Norton & Fitzner, on brief), for
            appellee. Appellee submitting on brief.


        Sandra Maria Dorough appeals the reduction of her child support payments. She argues

the father failed to prove he was neither voluntarily unemployed nor underemployed. We

conclude credible evidence supports the trial court's decision and affirm.

        We view the evidence and all reasonable inferences fairly deducible therefrom in the

light most favorable to the father. Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App.

15, 20, 348 S.E.2d 13, 16 (1986). The parties married in 1988, had two children, separated in

2000, and were divorced July 16, 2002. The final decree ordered child support of $1,098 per

month pursuant to a property settlement agreement. In July 2003, the father filed a petition to

reduce support, and in response, the mother filed a notice to show cause for nonpayment. After a

hearing, the trial court reduced support to $319 per month.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At the time of the divorce, the father had worked for eighteen years as a photographic lab technician at Ritz Camera. He earned $52,000 annually and had received regular pay increases, bonuses, and performance awards.

The father began seeing a professional counselor in December 1999. The counselor diagnosed the father with "[a]nxiety disorder, secondary to gender identity disorder" and recommended that the father live like a woman. Treatment also involved changing his name, making cosmetic changes to appear feminine, and notifying family, friends and employers of his actions. The treatment contemplated a surgical sex change when financially feasible. The counselor testified that the father would have committed suicide if he had not begun living like a woman.

Nothing suggested the father's job performance had been substandard before he advised his employer in March 2002 of his disorder and his treatment plan. On June 21, 2002, the employer informed the father by letter that he was violating company policy by failing to attend manager's meetings and by not completing operational checklists. Though the father did not believe his job was jeopardized by these complaints, he was terminated July 25, 2002. The father wanted to bring suit for wrongful termination but was not able to find an attorney willing to take the case.

The father unsuccessfully sought employment in the photography industry. When potential employers asked to verify his employment history, the father told them that he had worked under his masculine name. After that, "I was never asked to send any resume . . . . It was, thank you very much." In February 2003, he accepted a full-time job as a retail sales associate earning $8 per hour. The father drew from savings to continue child support payments until July 2003.

The trial court accepted the father's claim that he lost his job because of his disorder and his treatment plan. It also accepted his testimony that he continuously looked for work and had not slackened in his efforts. It found that the father was neither voluntarily unemployed nor underemployed.[1]

The party seeking to reduce a support obligation has the burden to establish that a material change in circumstances warrants modification of support. Edwards v. Lowry, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986). That party must establish an inability to pay that is not due to voluntary action or neglect. Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991). The proof must amount to a preponderance of the evidence. Hammers v. Hammers, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975).

The trial court found the father was credible. Wyatt v. Dep't of Social Servs., 11 Va. App. 225, 230, 397 S.E.2d 412, 415 (1990). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). To reverse the trial court, the evidence had to prove as a matter of law that the father was voluntarily unemployed or underemployed; the evidence could only permit a single finding: termination for cause. If the evidence permitted reasonable minds to reach different results, the trial court's resolution of the factual dispute stands. The evidence in this case permitted differing interpretations. The trial court resolved the conflict in the father's favor.

The record supports the decision to reduce child support. A modification of support will be upheld on appeal when it is supported by the record and is not an abuse of discretion.

---

[1] The mother did not contend the father's pursuit of the treatment plan was voluntary action causing his inability to pay.

<u>Schoenwetter v. Schoenwetter</u>, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  Accordingly, we affirm.

<u>Affirmed.</u>