# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

WALTER KIDD JONES, JR. v. HARRIET H. JONES.

September 5, 1975.

Record No. 740888.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Edward W. Taylor (Hundley, Taylor & Glass,* on brief), for appellant.

*Donald E. Bray, Jr. (Blanton and Bray,* on brief), for appellee.

Per Curiam.

In this divorce case, the trial court in its final decree awarded the appellee-wife an absolute divorce from the appellant-husband upon the wife's bill of complaint charging willful desertion by the husband. At the same time, the court dismissed the husband's cross-bill in which he sought a divorce on the ground of the wife's constructive desertion.

On appeal, the husband contends that the court erred in awarding the wife a divorce on the ground of willful desertion because (1) the husband was justified in leaving the wife, (2) the wife's "case was

insufficiently corroborated," and (3) the separation of the parties was by mutual consent. We disagree with these contentions.

It would not alter the outcome of the case and would serve only to embarrass the parties and their children to detail the evidence presented in the trial court. We will omit, therefore, a recital of the evidence. It suffices to say that the record fully supports the trial court's action in awarding the wife a divorce.

The husband agrees that the real issue in the case "is husband's justification for leaving when he did." The husband also agrees that he "had the duty of going forward with the evidence" to show justification, "unless wife's admissions defeat her prayer."

No admission by the wife provided evidence of legal justification for the husband's departure from the marital abode. Furthermore, the evidence presented by the husband failed to show that he had justification for leaving the wife. Not only that, the testimony of a number of independent witnesses called by the husband actually corroborated the wife's position that he had left her with the intention never to return. Thus, unless the separation was with mutual consent, the wife was entitled to a divorce on the ground of willful desertion.

The husband's claim, however, that the separation was with mutual consent was supported only by his equivocal statement that the wife "wanted [him] to leave . . . but she didn't want [him] to be able to tell the children that she wanted [him] to leave." This statement, whatever its meaning, was neither admitted by the wife nor corroborated by any other evidence in the case. The record is insufficient, therefore, to establish a separation with mutual consent.

Additionally, the husband contends that, even if the wife is entitled to a divorce, the trial court erred in allowing her alimony, counsel fees, and costs. The wife is "financially able to support herself," the husband argues, and, therefore, "alimony ought to be eliminated altogether and wife should be compelled to pay her own attorney's fees and half of the reporting . . . costs of this proceeding."

The record, however, fails to sustain the proposition that the wife is "financially able to support herself" without assistance from the husband. The financial adjustments between the parties were matters for exercise of the sound discretion of the trial court. Finding no abuse of that discretion, we will not disturb the allowances.

*Affirmed.*