# Richmond

ROBERT LEE INGRAM v. JACQUELINE M. INGRAM.

June 11, 1976.

Record No. 750867.

Present, All the Justices.

*John F. Rixey*, for appellant.

*Louis B. Fine* (*Fine, Fine, Legum & Fine*, on brief), for appellee.

CARRICO, J., delivered the opinion of the court.

In the court below, Jacqueline M. Ingram, the wife, was awarded a final divorce from Robert Lee Ingram, the husband. The wife also was awarded custody of the infant child of the parties, alimony of $800 per month, child support of $400 per month, counsel fees of $4,000, and costs. We granted the husband an appeal limited to consideration of the "amount awarded for alimony, child support and attorney's fees."

The record shows that the parties were married March 6, 1971. One child, a son, was born of the marriage on September 13, 1972. The parties separated June 15, 1973.

At the time of the marriage, the husband was 41 years of age, the wife 30. Each previously had been married and divorced. He had three children by his prior marriage; she had one child by an earlier marriage.

Before the marriage, the wife had been employed by the husband as his secretary in a used auto parts business in Virginia Beach. During the marriage, the wife was not gainfully employed.

The husband's auto parts business was successful. In 1972, the last full year before the parties separated, the business had gross sales of $533,159.71, earning therefrom a gross profit of $198,241.69 and a net profit of $27,533.71. In addition to this venture, the husband owned interests in other businesses and in valuable real property. As of December 31, 1972, the husband's assets were valued at $2,218,-610.47 and his liabilities were listed at $589,296.77, for a net worth of $1,629,313.70. The husband's annual income was estimated "roughly" at $100,000.

The parties lived in a luxuriously furnished waterfront home, purchased by the husband for $190,000 shortly before the marriage. They enjoyed the use of two Rolls Royce and two Lincoln automobiles and a private airplane. They employed a maid, entertained frequently, and traveled often. And, as the husband states in his brief, he "indulged the wife with money, mink coats and stoles, charge accounts, clothes, cars, furniture, and jewelry and diamonds."

The wife testified that, although she would need "about $800 a week" to support herself and the child born of the marriage, she could "get by on $500 a week." The trial court's allowance for wife and child support totalled $1,200 per month, or slightly more than one-half the "$500 a week" figure.

As has been noted, we limited the appeal in this case to consideration of the *amount* of alimony, child support, and counsel fees awarded by the trial court. Notwithstanding this limitation, the husband's argument concerning alimony is devoted almost exclusively to the proposition that the wife is entitled to no support at all or to support only for a fixed period sufficient to enable her to obtain employment and become self-sustaining. We expressly rejected this proposition, however, when we limited the appeal. Adhering to the limitation, we will consider only the reasonableness of the *amounts* awarded by the trial court.

The husband's argument concerning the reasonableness of the awards for alimony and child support is abrupt and conclusory. He says that both awards are "obviously excessive." The award to the wife is excessive, he asserts, because it is "based upon insufficient evidence." The award in favor of the child is excessive, the husband proclaims, because "[n]o two year old child requires $400 per month."

In oral argument, the husband chided the trial judge for disregarding the standards set forth in Code § 20-107 for determining wife and child support.[1] These standards, however, were not added to the Code section until the 1975 session of the General Assembly, and they did not become effective until after this case was tried and finally decided. But because the standards are basically the same tests traditionally applied in determining alimony and child support, we are quite willing to employ them in testing the reasonableness of the awards in this case.

When so tested, the amounts awarded for wife and child support do not appear unreasonable. Given the picture of the financial needs and resources in this case, as reflected in the record, and considering the discretion vested in the trial court by Code § 20-107, *supra*,[2] we cannot say, as a matter of law, that the amounts are "obviously excessive" or unsupported by evidence. *Russell v. Russell*, 216 Va. 432, 435, 219 S.E.2d 689, 692 (1975); *Turner v. Turner*, 213 Va. 42, 43, 189 S.E.2d 361, 363 (1972).

■ With respect to counsel fees, the husband contends that the amount awarded, $4,000, is excessive. The award, he says, should have been limited to $1,000, the amount of retainer the wife had paid her attorney from funds she derived by check drawn on the husband's account.[3]

The amount of counsel fees, however, was a matter for the exercise of the sound discretion of the trial court. Code §§ 20-79, -99, -103; *Jones v. Jones*, 216 Va. 161, 162, 217 S.E.2d 800, 801 (1975). In the absence of an abuse of this discretion, such an award will not be disturbed. Finding no abuse in this case, we leave the award unchanged.

*Affirmed.*

[1]The standards set forth in Code § 20-107 for determining wife and child support are as follows:

"(1) The earning capacity, obligations and needs, and financial resources of the parties;

"(2) The education and training of the parties and the ability and opportunity of the parties to secure such education and training;

"(3) The standard of living established during the marriage;

"(4) The duration of the marriage;

"(5) The age, physical and mental condition of the parties;

"(6) Such other factors as are necessary to consider the equities between the parties."

[2]Code § 20-107 provides that in a divorce case the court may decree *as it shall deem expedient* "concerning the estate and the maintenance and support of the parties, or either of them, and the care, custody and maintenance of their minor children."

[3]The trial court allowed the husband credit for the amount of the retainer, thus reducing to $3,000 his liability for counsel fees.