# CIRCUIT COURT OF THE CITY OF RICHMOND

Daisy H. Williams

v.

Spencer L. Williams

July 7, 1998

Case No. HI-148-4

BY JUDGE RANDALL G. JOHNSON

This divorce case is before the court on Daisy Williams' petition for equitable distribution and attorney's fees. At the hearing on her petition on July 2, 1998, Mr. Williams asked for a continuance so that he could employ counsel. Because he had already had almost two years to employ counsel, that motion was denied. Mr. Williams also asked that he be awarded spousal support. Since he had never given any notice that he was seeking spousal support, that request was also denied, and the hearing went forward on the issues of equitable distribution and attorney's fees only.

Ms. Williams filed this action in the Circuit Court of Chesterfield County on September 19, 1996. It was transferred to Richmond by order entered January 28, 1997. Although Mr. Williams has never filed an answer to the bill of complaint, he participated in at least one hearing in Chesterfield and has attended hearings in Richmond. In fact, the order transferring the case to Richmond specifically states that the case was transferred "[u]pon the motion of the defendant."

On March 6, 1998, Ms. Williams filed a motion asking the court to award sanctions against Mr. Williams because of Mr. Williams' failure to answer interrogatories and to produce documents relevant to the issue of equitable distribution, the interrogatories and request for production having been served on Mr. Williams in November 1997. On March 30, 1998, instead of awarding sanctions, the court continued the hearing on equitable distribution that was

scheduled for that day until May 1, 1998, and ordered Mr. Williams to "immediately" respond to Ms. Williams' discovery requests. On May 1, the court again continued the equitable distribution hearing, this time to July 2, and again ordered Mr. Williams to respond to discovery. Still, Mr. Williams failed to comply, offering no excuse for such failure. As a result, the court ruled at the July 2 hearing that Mr. Williams would not be able to testify or present any other evidence at the hearing. *See* Rule 4:12(b) of the Rules of the Supreme Court of Virginia. He was, however, allowed to cross-examine Ms. Williams and her witness. The court's factual findings follow.

The parties were married on November 21, 1970, and lived in Richmond. According to Ms. Williams, it was a reasonably good marriage until 1987, when Mr. Williams became involved with illegal drugs and began staying away from home for long periods of time. In 1989, he was convicted in federal court of possession of cocaine with intent to distribute and was sentenced to sixty-five months in prison. He was released in April 1994. Sometime after his release, he suffered a stroke and was hospitalized. After leaving the hospital, he returned to the marital abode but slept in the basement, not with Ms. Williams. By order entered in this action on January 28, 1997, the Circuit Court of Chesterfield County awarded Ms. Williams exclusive use of the marital abode. The parties have not lived under the same roof since then. The parties have two children, both of whom are now adults. One, Spencer, Jr., lives with Ms. Williams in the marital abode and was a witness at the hearing.

Virginia Code § 20-107.3(E) sets out the factors that the court must consider in making an equitable distribution award. They have all been considered in this case. Those factors mandate giving Ms. Williams nearly all of the marital property and allocating to her all of the marital debt. Specifically, the court finds that Mr. Williams was totally responsible for the failure of the marriage and that since 1987, before, during, and after Mr. Williams' incarceration, Ms. Williams' contributions to the family and to the acquisition, maintenance, and care of the marital property, both monetary and nonmonetary, have far exceeded those of Mr. Williams. In fact, were it not for Mr. Williams' medical condition, the court would not hesitate to also allocate some of the marital debt to him and/or require him to make a cash payment to Ms. Williams to give her an even greater share of the parties' assets. That, however, will not be done.

As already noted, Mr. Williams, who is fifty years old and has completed one year of college, suffered a stroke in 1995. He still suffers its effects and is totally and permanently disabled. His disability income is $15,600 a year. Ms. Williams is also fifty. She has an undergraduate degree in social work and earns $37,182 from her job as a marketing specialist with the Virginia

Department of Minority Business Enterprise. She is in good health with no known impediments to continued employment at a comfortable salary. Under these circumstances, the court will award almost all of the marital property to Ms. Williams, but will also allocate all of the marital debt to her and will require no cash payment from Mr. Williams.

There are eight items of marital property. The marital abode is located on Douglasdale Road, a middle-class neighborhood of Richmond, and is valued at $115,000. It has two mortgages totaling $97,180, leaving an equity balance of $17,820. While Ms. Williams testified that the house is in need of substantial repairs, that is already factored into its market value and is not entitled to other consideration. The furniture and furnishings in the house have a value of $2,400. The parties also own a time-share at Massanutten Village valued at $8,500. It has a mortgage of $810, leaving an equity balance of $7,690.

The parties' other marital property consists of a 1970 Chevrolet valued at $1,500; machinist tools valued at $6,500; automotive parts valued at $1,250; an insurance policy on the life of Mr. Williams with a cash-surrender value of $1,864; and 14 shares of Cadmus Communications stock worth $345. The total value of all of the property is $39,369. The parties' marital debt is almost $36,000. With the exception of the tools and the insurance policy on Mr. Williams' life, all of the marital property and all of the marital debt will be awarded and allocated to Ms. Williams.

With respect to the machinist tools, they were always used by Mr. Williams and are of no use to Ms. Williams. While the court could award them to Ms. Williams so that she could sell them, that would be more akin to punishing Mr. Williams than helping Ms. Williams. With respect to the insurance policy, the court simply feels that it would be inappropriate for Ms. Williams to retain a policy on Mr. Williams' life after they are divorced. Va. Code § 20-107.3(G)(2) also suggests that such an award is inappropriate:

> To the extent permitted by federal or other applicable law, the court may order a party to designate a spouse or former spouse as irrevocable beneficiary during the lifetime of the beneficiary of all or a portion of any survivor benefit or annuity plan of whatsoever nature, *but not to include a life insurance policy.*

Emphasis added.

As already noted, the court realizes in making the above award that Ms. Williams is receiving much less than her efforts during the marriage entitle her

to receive. For the other reasons stated above, however, particularly Mr. Williams' medical condition and income, it is the award the court will make.

Finally, Ms. Williams asks the court to award her attorney's fees both for Mr. Williams' failure to comply with discovery and as part of the court's final decree of divorce. Attorney's fees will not be awarded.

With regard to Mr. Williams' failure to comply with the court's orders on discovery, the court feels that the sanction already imposed, precluding Mr. Williams from presenting evidence at the hearing, is sufficient. He will not be sanctioned further. With regard to an award of fees generally, such awards are always left to the sound discretion of the court. *See, e.g., Ingram v. Ingram,* 217 Va. 27, 29, 225 S.E.2d 362 (1976); *Alphin v. Alphin,* 15 Va. App. 395, 406, 424 S.E.2d 572 (1992). In light of the fact that Ms. Williams' income is more than twice that of Mr. Williams, and in light of the fact that nearly all of the marital property is being awarded to Ms. Williams, Mr. Williams will not be required to pay Ms. Williams' lawyer.

Ms. Harris is directed to prepare a final decree granting a no-fault divorce and encompassing the award made above.