COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


JOHN HANYOK

MEMORANDUM OPINION[*] BY
v.    Record No. 1754-01-4        JUDGE JAMES W. BENTON, JR.
                                  AUGUST 13, 2002
KATHLEEN HANYOK


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

Robert S. Ganey (Hanover Law Office, on
briefs), for appellant.

Paul F. Nichols (Cassandra M. Chin; Nichols,
Bergere, Zauzig & Sandler, P.C., on brief),
for appellee.


John Hanyok appeals from a final decree of divorce and raises thirty issues challenging child custody, visitation, equitable distribution, child support, spousal support, and attorney fees. We affirm the decree, and we grant the wife's request for attorney's fees related to this appeal.

I.

Kathleen and John Hanyok married in 1975. The husband filed a bill of complaint for divorce in 1998, and the wife filed a cross-bill of complaint. The parties have three children: a

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

daughter, who is over the age of majority, and two sons, who were minors at the time of the final decree.

In a pendente lite consent order, the parties agreed that the wife would have exclusive use of the marital residence, that they would have joint legal custody of their sons, that the sons' primary residence would be with the wife, that the husband would have visitation every other weekend and one day a week, that both parties would consult a mental health expert for purposes of determining a visitation schedule, and that the husband would refrain from contacting the wife. Various other consent orders were entered resolving disputes between the parties. A second pendente lite order required the husband to pay child support and spousal support, and it granted other relief.

After a hearing, the commissioner in chancery recommended a divorce on the ground the parties had lived "separate and apart . . . in excess of one year." The husband filed a motion to review, modify, and vacate provisions of the pendente lite orders requesting the judge to order psychological and physical examination for the wife, to hold the wife in contempt for "intentional[ly] withholding visitation," and for other relief. The trial judge held an evidentiary hearing and issued a letter opinion. Following various motions and hearings, the judge entered a final decree of divorce.

-

II.  Child Custody and Visitation

The husband contends the trial judge erred in failing to award him primary care of his children and in failing to respond to his various concerns about visitation.  He also contends the judge's order violates his constitutional rights to parent his children.

When the United States Supreme Court has reviewed constitutional challenges to family matters, "the Court has emphasized [that] the paramount interest [is] in the welfare of children."  Lehr v. Robertson, 463 U.S. 248, 257 (1983).  Likewise, the "established . . . rule in Virginia [is] that in custody . . . cases the welfare of the child is of paramount concern and takes precedence over the rights of parents."  Malpass v. Morgan, 213 Va. 393, 399-400, 192 S.E.2d 794, 799 (1972).  Consistent with these rules, our statutes contain factors for determining a child's best interest in custody and visitation cases.  See Code §§ 20-124.2 and 20-124.3.  In applying those statutes, we have held as follows:

> Although the trial court must examine all factors set out in Code § 20-124.3, "it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'"  As long as evidence in the record supports the trial [judge's] ruling and the trial [judge] has not abused [his] discretion, [his] ruling must be affirmed on appeal.

Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999) (citations omitted).

-

The evidence indicates that a pendente lite order gave the husband visitation every other weekend and one day a week. The husband testified that those arrangements did not work out because the wife was interfering in his efforts to see his sons. He testified that after the arbitrator's report specified visitations, he attempted to see his sons, but they would not go with him. He also testified that the wife misled the sons to believe that he had stolen their money and made other allegations.

Although the husband testified the wife was interfering with his efforts to visit the sons, the wife disputed those claims and testified she encouraged the teenage sons to see their father and "wanted them to continue having a relationship with their father and his family." She testified that after doing so she later "backed out because it really seemed to be between [the husband] and the boys." To facilitate the meetings, she would leave when it was time for the scheduled visitation. She testified, however, that the sons were angry with their father because he sometimes failed to appear for visitations and was tardy.

The trial judge met with the teenage sons in his chambers to hear their concerns. Explaining his impression of the meeting, the judge found that "it's just an extremely difficult situation. They are estranged from their father. And I don't think the court ordering practically adults into a visitation

-

schedule is going to help the situation at all."  The judge also found that the boys "wouldn't even agree to have dinner every two weeks" and that "they say that they don't want anything to do with their father."

"When the court hears the evidence ore tenus, its findings are entitled to the weight accorded a jury verdict, and they will not be disturbed on appeal unless they are plainly wrong or without evidence to support them."  Bailes v. Sours, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986).  Upon considering testimony of the mother, the father, and the teenage sons, the judge ruled that the continued relationship between the husband and the sons "[was] going to be up to the father and the boys.  And I can at least take a stab at it by ordering a dinner every two weeks." In view of the evidence in the record, we cannot say the judge erred when he ordered a visitation schedule, which requires the sons to attend "a dinner every two weeks with review of the visitation in six months."  In addition, upon considering the wife's testimony and the findings made by the trial judge following his interview and consideration of the evidence, we hold that the trial judge did not err in refusing to order the wife to undergo an evaluation or to order counseling or a monitor.  Moreover, no evidence supports a claim that the husband's constitutional rights were violated.  Credible evidence in the record supports the trial judge's custody order and visitation schedule.

-

                    III.  Equitable Distribution

     In reviewing the husband's challenges to the trial judge's

findings of fact, we are governed by the following standards:

          On appeal, the trial [judge's] findings
          must be accorded great deference.  "In
          determining whether credible evidence
          exists, the appellate court does not retry
          the facts, reweigh the preponderance of the
          evidence, or make its own determination of
          the credibility of witnesses."  "We will not
          disturb the trial [judge's] decision . . .
          unless it is 'plainly wrong or without
          evidence in the record to support it.'"

Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795

(1997) (citations omitted).  The record contains credible

evidence supporting each of the trial judge's findings.

                    1.  Valuation Date

     The husband contends the trial judge used an improper date

to value the property.  He argues the trial judge erred by not

accepting as an alternative valuation date the date the wife

moved out of their bedroom.

     In pertinent part, Code § 20-107.3(A) provides as follows:

          The court shall determine the value of any
          such property as of the date of the
          evidentiary hearing on the evaluation issue.
          Upon motion of either party made no less
          than twenty-one days before the evidentiary
          hearing the court may, for good cause shown,
          in order to attain the ends of justice,
          order that a different valuation date be
          used.

The husband makes the bare assertion that the wife ceased to

contribute to the marriage when she moved from the bedroom and

                              -

that this was the proper date to valuate the property.  We hold

the judge did not err in refusing to value the parties' property

as of the date on which the husband alleged the wife moved from

the bedroom.

2.  Classification of Property

Asserting that "[p]roperty inherited during marriage must

be maintained as separate property in order to retain its

character as separate property," the husband argues that any

inheritance funds the wife used to improve the marital home were

transmuted into marital property.

Code § 20-107.3(A)(3)(d) provides, in pertinent part as

follows:

> When marital property and separate
> property are commingled by contributing one
> category of property to another, resulting
> in the loss of identity of the contributed
> property, the classification of the
> contributed property shall be transmuted to
> the category of property receiving the
> contribution.  However, to the extent the
> contributed property is retraceable by a
> preponderance of the evidence and was not a
> gift, such contributed property shall retain
> its original classification.

The husband's witness testified he had reviewed various

bank statements and "was not able to trace each of the separate

deposits into [the wife's] account."  His testimony, however,

was not dispositive because the wife testified that these funds

were used toward the home.  Assessing the evidence, the judge

found that the wife adequately traced her separate contribution

-

to the home.  We will not reweigh the evidence on appeal.  The wife's testimony was credible and supports the judge's finding.

The husband challenges the judge's calculation of the wife's separate contribution and marital contribution.  The wife's testimony and exhibit plainly supported the judge's findings.  In view of the conflicting testimony, we cannot say the judge erred when he accepted the wife's evidence and ruled that the marital share of the property at Cabells Mill Drive was $122,334, as opposed to $126,632 as the husband contends.  The trial judge found that the value of the property less costs of sale and less a $83,000 lien amounted to $214,620.  Of that value, the judge found that the wife adequately traced $37,511 of separate contribution to the house and that the marital contribution was $50,437.  The judge therefore adjusted the wife's separate equity at 43% and the marital equity at 57%. See Moran v. Moran, 29 Va. App. 408, 414, 512 S.E.2d 834, 836-37 (1999) (holding property was properly classified as marital and separate property).  Code § 20-107.3(A)(1) provides, in pertinent part, that "[t]he increase in value of separate property during the marriage is separate property, unless marital property or the personal efforts of either party have contributed to such increases and then only to the extent of the increases in value attributable to such contributions."  See also Smoot v. Smoot, 233 Va. 435, 439, 357 S.E.2d 728, 730

-

(1987).  Applying these principles, we hold that the judge did not err in his calculations.

The trial judge also did not err in valuing the personal property.  The trial judge valued the household goods in the husband's possession at $5,128 and those in the wife's possession at $6,821.  An appraiser who testified on the husband's behalf assessed the values, and the wife testified about the value of certain goods each party had.  The trial judge resolved the conflicts and was not required to accept in total either party's evidence.  Hence no error appears from the record.

The judge also did not err in determining the value of the Neon automobile.  The wife's evidence indicated the value of the vehicle was $1,500.  The trial judge did not err in accepting that valuation as credible.

The record does not indicate the trial judge erred concerning the rental property.  Although the husband contends the trial judge erred by not crediting rental payments made by him per court order, this argument was not preserved in the court below.

The evidence also supports the trial judge's finding concerning the Prudential and GPM life insurance policies.  An exhibit in the record lists the value of those policies as $6,300.  Moreover, when the wife's attorney asked the husband

-

whether the cash value of those policies was $6,300, the husband replied, "I believe so."

### 3.  Division of Marital Property

The husband contends the trial judge improperly awarded the wife 50% of the marital property, erred by not selling all of the marital property, and erred by awarding the wife the primary residence.  The husband testified that his monetary contribution was in excess of $1,062,000 during the marriage, while the wife's was approximately $177,000.  He contends, therefore, that he should have been awarded a larger portion of the marital property.  The husband also expressed his desire that the wife have the Dale City residence which is closer to her work and offered to pay off the $7,000 mortgage on that property.  He wanted to reside in the marital home to parent his sons.

In addition to the wife's testimony, a witness who had been a neighbor of the parties for over fifteen years, testified about the wife's involvement in the lives and activities of the children.  She testified that the wife was "the predominant person in the home" and that the wife "was always at the school functions, the graduations from the kids, the choral presentations, the plays, and that kind of thing."  In contrast, she testified that "[i]t was very rare that [the husband] was able to make those events."

Upon considering the factors in Code § 20-107.3(E), the trial judge determined that the marital property should be

-

equally divided.  The judge specifically noted the twenty-five year duration of the marriage and the monetary and nonmonetary contributions of the parties.  The record supports the trial judge's findings.

We have held that we will not reverse an equitable distribution award on appeal "unless it appears from the record that the chancellor has abused his discretion, that he has not considered or misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict of equities."  Hart v. Hart, 27 Va. App. 46, 53, 497 S.E.2d 496, 499 (1998).  The husband points to no factor that the trial judge failed to consider.  Moreover, the record indicates no error.  Hence, we hold that the judge did not err in dividing the marital property equally and permitting the wife, who had physical custody of the children, to remain in the primary residence.

## IV.  Child Support

Although the husband estimated his income in 2001 would be $97,000, the evidence proved his income was $105,490 in 1998, $110,966 in 1999, and $132,566 in 2000.  He testified that his salary is $77,000, that he also receives commission depending on his performance, and that he possibly could earn $110,000 in 2001.  The evidence did not show the husband had changed careers or employers.  We hold that the trial judge did not err when he

-

determined the husband's income was $107,983 by averaging the husband's salary in 1998 and 1999.

The husband also contends the judge erred by failing to impute income to the wife in calculating child support. Code § 20-108.2 provides that "[t]here shall be a rebuttable presumption . . . that the amount of the award which would result from the application of the guidelines . . . is the correct amount of child support to be awarded." A party may rebut this presumption by showing that income should be imputed to a party "who is voluntarily unemployed or voluntarily under-employed." Code § 20-108.1.

The record contains no evidence that income should be imputed to the wife. Although the husband attempted to testify as to job opportunities available in the wife's field, the judge excluded the evidence because the husband did not qualify as an expert. The judge also determined that the husband's testimony concerning postings on the Internet of job opportunities was inadmissible hearsay.

No evidence proved the wife had been offered a higher paying position or that it would be more economical for her to obtain a different position. The wife testified that although she worked a full time schedule, she could only bill a portion of the hours she actually worked. She testified that she "definitely put[s] in a 40-hour week, but . . . can only bill for those hours that I'm providing direct intervention." The

-

trial judge accepted her testimony as credible and found that it would be improper to impute income. The record supports the findings.

### V. Spousal Support

A trial judge must consider the factors in Code § 20-107.1 in fashioning an award of spousal support. "Where the [judge] has given due consideration to each of these factors, as shown by the evidence, his determination as to spousal support will not be disturbed." Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983). "Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998).

Although the husband contends the trial judge erred in awarding the wife $1,200 per month spousal support, the record contains sufficient evidence concerning the relevant factors to support the award. In particular, evidence was presented concerning the parties' needs and standard of living. Based on the evidence in the record, the judge did not err in awarding spousal support.

The husband additionally contends the judge should have imputed income to the wife in determining spousal support. Although it is true that "[t]he party seeking spousal support must earn as much as he or she reasonably can to reduce the amount of the support needed," Konefal v. Konefal, 18 Va. App.

-

612, 614, 446 S.E.2d 153, 154 (1994) (citation omitted), as we held in the prior section, the husband presented no evidence that the wife was foregoing more gainful employment. Accordingly, the record supports the judge's award.

### VI.  Attorney's Fees

"The amount of counsel fees . . . [is] a matter for the exercise of the sound discretion of the trial court.  In the absence of an abuse of this discretion, such an award will not be disturbed."  Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976).  The judge's award to the wife of $5,000 in attorney's fees was not unfair in light of the equities of the parties as determined by the judge.  We hold therefore that the trial judge did not abuse his discretion.

Furthermore, we agree that an award of attorney's fees, as requested by the wife, is warranted for this appeal.  We therefore remand to the trial judge for determination of reasonable attorney's fees in connection with this appeal to be awarded to the wife.

### VII.

Upon our review of each of the thirty issues raised by the husband, we conclude that the trial judge did not err. Accordingly, we affirm the judgment and remand for determination of attorney's fees to the wife.

Affirmed and remanded.

-