COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Petty and Powell
Argued at Richmond, Virginia


MANUEL E. NUNEZ

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2020-08-4                    JUDGE CLEO E. POWELL
                                                       JUNE 30, 2009
SONIA NUNEZ


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Bruce D. White, Judge

Lawrence D. Diehl (Brandy M. Poss; Barnes & Diehl, P.C., on
brief), for appellant.

Susan M. Hicks (The Susan Hicks Group, PC, on brief), for
appellee.


Manuel E. Nunez (husband) appeals the circuit court's denial of his motion to modify the

spousal support award he was ordered to pay in his 1994 divorce from Sonia Nunez (wife).  On

appeal, husband raises several challenges to the trial court's rulings on spousal support,

essentially arguing that the trial court erred by 1) allowing wife to receive spousal support which

resulted in an increased standard of living beyond that established during the marriage and in

excess of her need, and 2) erroneously awarding wife a de facto survivor benefit by considering

her retirement needs.[1]  Husband also contends that the trial court erred in awarding attorney's

fees to wife and not to him.  For the reasons explained in detail below, we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Specifically, husband presents the following questions on appeal:

(1) Did the trial court err in finding that the appellant did not meet
his burden of proof in denying the appellant's Motion to Modify
Spousal Support award of spousal support [sic] and was said ruling

## I. BACKGROUND

Husband and wife were married on January 28, 1971 in Lima, Peru. During the marriage, the couple lived in a "very middle-class neighborhood." When the parties divorced in 1994, wife did not work outside the home and husband earned over $100,000 tax-free, annually from The World Bank. He also participated in a defined benefits plan.

As part of the equitable distribution of property, the 1994 divorce decree awarded wife fifty percent of the marital share of husband's pension. The trial court also awarded wife fifty percent of the marital share of husband's "Separation Grant" that he would receive upon

---

contrary to the evidence and an abuse of discretion in its ruling; (2) Did the trial court err as a matter of law in its ruling that the appellee's entitlement to both spousal support and a pension award at the time of the 1994 spousal support award was contemplated by the court in 1994 and therefore not a factor to consider and therefore in its failing to consider the appellee's receipt and entitlement at the time of trial 14 years after said award to a portion of appellant's pension and future costs of living increases related to such a pension, in its denial of the appellant's Motion to Modify spousal support; (3) Did the trial court err as a matter of law in considering the appellee's lack of the award of a survivor benefit in the appellant's pension in the 1994 award as a factor and part of its basis for the denial of the appellant's Motion to Modify Spousal Support and did such a consideration violate Rule 1:1 and Va. Code § 20-107.3(K); (4) Did the trial court err as a matter of law in its reliance as a factor on speculative facts or fact not in the record, including but not limited to, its conjecture about the future survivability of both parties, in its denial of the appellant's Motion to Modify Spousal Support; (5) Did the trial court err in its denial of appellant's Motion to Modify Spousal Support where the denial of such motion resulted in an increased standard of living of the appellee beyond that of the parties which was established during the marriage, where such a result is contrary to Virginia law and an abuse of discretion; (6) Did the trial court err in its award of attorney's fees and costs to the appellee as contrary to the evidence and an abuse of discretion of the award and the amount of such award; and (7) Should the appellant be awarded his attorneys fees and costs related to this appeal proceeding pursuant to O'Loughlin v. O'Loughlin, 23 Va. App. 690, 470 S.E.2d 98 (1996)?

retirement. The court concluded by ordering husband to pay wife $3,000 per month in spousal support "until either party dies or until [wife] remarries or until further order of this [c]ourt, whichever occurs first."

Since the divorce, wife has obtained employment but still does not participate in a retirement savings plan. Husband has remarried and is retired. He now receives approximately $19,000 per month in pension, in addition to money he receives from other investments he and his current wife jointly hold.

In 2008, husband filed a motion to modify spousal support in which he argued that there was a material change in circumstances that warranted a modification of support because wife was now employed and receiving monthly payments from the marital share of his pension plan in addition to the spousal support she was awarded in 1994. He asserted, *inter alia*, that because the trial court in 1994 did not make the spousal support award non-modifiable, the court did not contemplate that wife would simultaneously receive payments from the marital share of his pension and $3,000 per month in spousal support.

In ruling on husband's motion to modify spousal support, the circuit court found that the parties stipulated to a material change in circumstances. The court held that although there was indeed a change in circumstances, the change did not warrant a modification of spousal support given wife's needs and husband's ability to pay. Finding no error, we affirm the trial court's decision.

## II. ANALYSIS

### A. DENIAL OF APPELLANT'S MOTION TO MODIFY SPOUSAL SUPPORT

"Upon petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper." Code § 20-109(A).

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 602, 605, 383 S.E.2d 28, 30 (1989) (citing Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987)). "The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (en banc) (quoting Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988)). Moreover, "[i]t is well established that spouses 'entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage,' subject to the other spouse's ability to pay." Furr v. Furr, 13 Va. App. 479, 483-84, 413 S.E.2d 72, 75 (1992) (quoting Dukelow v. Dukelow, 2 Va. App. 21, 26, 341 S.E.2d 208, 210 (1986)).

Here, the parties stipulated that a material change in circumstances occurred. As such, the sole issue before the trial court was whether this material change warranted a modification.

> On review, we consider the evidence in the light most favorable to the party prevailing in the trial court. Where the trial court's decision is based upon an *ore tenus* hearing, its determination will not be disturbed on appeal unless it is plainly wrong or without evidence in the record to support it.

Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citing Simmons v. Simmons, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986)). "The determination of whether a spouse is entitled to support, and if so, how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow, 2 Va. App. at 27, 341 S.E.2d at 211 (citations omitted).

### 1. EVIDENCE OF NEED

Reduced to their essence, questions one and five raise the issue of whether the trial court erred when it failed to reduce and/or eliminate husband's spousal support obligation where the

evidence proved that wife's income had increased and she now received her marital share of his retirement benefits. Our review of the record indicates that the trial court acted within its discretion in denying husband's request to modify or eliminate wife's spousal support award.

When modifying an existing spousal support award, the circuit court may consider the applicable "financial and economic circumstances." Hollowell, 6 Va. App. at 419, 369 S.E.2d at 452-53. Thus, the trial court may consider applicable factors that were previously considered pursuant to Code § 20-107.1(E)(1): "[t]he obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature." The court may also consider the standard of living established during the marriage and "such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties." Code § 20-107.1(E)(13). Here, it is clear that the trial court considered the appropriate factors and acted within its discretion in denying husband's motion to modify spousal support.

When the parties divorced in 1994, wife was unemployed and had no income. At that time she was awarded $3,000 per month in spousal support. In 2000, wife obtained employment with Fairfax County Public Schools. Effective May 2008, wife now earns $32,463 annually but does not contribute to a retirement savings plan. In addition, wife's monthly share of husband's pension is approximately $3,968. Essentially, wife's income increased from $3,000 per month in 1994 to approximately $9,673 in 2008. [2]

---

[2] This figure includes her income, spousal support, and her marital share of his retirement plan.

Wife presented an income and expense statement that showed a need of $3,378 in monthly spousal support. Husband argued that, at most, wife's need for spousal support was $2,378 based on her highest income and expense statement.[3]

At the time of trial, husband received pension income of approximately $19,000 a month, one third of which is tax-free. He and his current wife recently purchased a home for $530,000, on which no mortgage was owed, and had savings in excess of one million dollars. Therefore, husband's ability to pay was not an issue.

In finding that the changes in incomes and expenses by both parties did not warrant a modification of spousal support, the trial court stated

> [c]onsidering the financial conditions of the parties, the testimony I've heard, observing the parties, and judging their credibility, taking into account their ages, their income and expenses, and balancing the ability of the husband to pay and the wife's needs, I do not find that the husband has met his burden of proof . . . .

The evidence supports these findings, as viewed in the light most favorable to the wife, who prevailed below, and, in turn, supports the trial court's refusal to modify the existing spousal support award. Specifically, the court had evidence before it that demonstrated the standard of living enjoyed during the marriage: the parties lived in a four-bedroom home and owned a

---

[3] In determining wife's need versus husband's ability to pay, the trial court determined that the income and expense sheets submitted by both husband and wife were erroneous stating:

> Insofar as the income and expense sheets are concerned, I find both sides to either have exaggerated or miscalculated as to those sheets. I'm somewhat troubled by the wife's sheets which in a course of only a few months have changed three times. And I find her expense sheets to be off perhaps in the area of $1000.
> Insofar as the husband's sheets are concerned, I found them to be almost a fantasy. Figures were placed on them as what would be the dream figures or hoped for figures; not realistic figures, not incurred figures. I find those figures to be off by as much as $5000 to $6000.

timeshare; they vacationed regularly to Europe every other year and to their home country, Peru, annually; the children attended private school; and, the parties were able to save for retirement.

By contrast, the evidence now before the court indicated that since the divorce, wife first lived in an apartment and then moved to a townhouse. The evidence also demonstrated that wife, who is 62 years old, would enjoy a modest pension with her current employer that would net $234 month should she retire today. She has no other retirement savings account. Moreover, wife testified that the cost of living and her tax arrearage have caused her to incur significant debt to pay living expenses during almost every year since the parties divorced. Notably, the circuit court found "that the amount of money needed to maintain the same standard of living [wife] had as of the date of separation, and that is the cost roughly of a middle class family, that standard of living has gone up significantly."

Finally, husband argues that the award was in error because it exceeded the wife's demonstrated need. The court appeared to find that wife's income and expense statement indicated that her need amounted to $2,378, but awarded her $3,000 per month in spousal support. Wife's testimony indicated that she had effectively been unable to save any money since the divorce and that there were items such as tax consequences, unpaid tax assessments, unmet retirement needs, and a demonstrated need for a new car that were not included on her income and expense statement. Thus, it was not error for the trial court to take these factors into consideration.

In some circumstances, it is appropriate for a spousal support award to exceed the demonstrated, dollar amount shown on an income and expense statement. See Robinson v. Robinson, 54 Va. App. 87, 97, 675 S.E.2d 873, 878 (2009) (holding that the trial court did not abuse its discretion where it awarded wife spousal support pursuant to Code § 20-107.1(E) that exceeded what she needed to maintain the standard of living to which she had grown accustomed

during the marriage); Miller v. Cox, 44 Va. App. 674, 685, 607 S.E.2d 126, 131 (2005) (holding that the trial court must consider the parties' savings plan in awarding spousal support); Weizenbaum v. Weizenbaum, 12 Va. App. 899, 904, 407 S.E.2d 37, 40 (1991) (commenting that "spousal support awards under Code § 20-107.1 may . . . exceed what is 'necessary' to maintain the spouse as the term is used in Code § 20-103" given the litany of factors Code § 20-107.1 requires the trial court to review when awarding support). While the trial court's award must be based on the evidence presented and consider both the relative needs of the parties and the abilities to pay, the award need not be based on a specific dollar amount. See Joynes v. Payne, 36 Va. App. 401, 423, 551 S.E.2d 10, 21 (2000). Thus, in light of the standard of review on appeal, we cannot say that the trial court's findings are plainly wrong or without evidence to support them. Therefore, the trial court did not abuse its discretion in determining that the material change in circumstances did not warrant a modification of spousal support.

## 2. RETIREMENT AS A SPECIAL CONSIDERATION

First, husband argues that the court made an error of law when it determined that the decree of divorce contemplated that there would be a time when the wife might simultaneously receive spousal support and pension benefits. Next, husband asserts that because the trial court found that the 1994 decree contemplated that wife could receive spousal support and pension benefits at the same time, the court failed to consider the receipt of the pension benefits as a change in circumstance that warranted a reduction. Finally, husband contends that the trial court committed error when it considered lack of a survivor benefit to the wife in the 1994 decree as a factor in denying husband's request to modify spousal support. We find no merit to these arguments.

The circuit court did not misinterpret the 1994 decree. In the 1994 divorce decree, the court initially considered the equitable distribution of the parties' property. In so doing, the court determined that wife

> is awarded and shall receive fifty percent (50%) of the marital share of [husband's] World Bank Group pension as and when it is paid. The marital share shall be a fraction, the numerator of which is 12.45 years and the denominator of which shall be the number of years of creditable service used in computing pension benefits at the time [husband] begins receiving them ("X" in the formula which follows). Accordingly, the amount payable to [wife] shall be:

> > $1/2 * 12.45/X *$ Amount of [husband's] pension when he receives it, whether taken by [husband] as a lump sum or as an annuity, or both.

> [Husband] is ordered to direct his employer to pay these benefits to [wife] as and when they become due.

> \* \* \* \* \* \* \*

> [Wife] shall receive fifty percent (50%) of the marital share of the Separation Grant as and when it is received by [husband]. The marital share is defined as the actual amount of the Separation Grant when received (utilizing the same percentage calculation as described in paragraph six above), or one-half of the value accrued as of September 7, 1991, whichever is less.

The trial court then ordered that husband pay wife $3,000 per month as spousal support "until either party dies or until [wife] remarries or until further order of this [c]ourt, whichever occurs first."

The 1994 decree provided that wife would receive a portion of husband's pension "as and when it is paid" and awarded wife $3,000 per month "continuing . . . each month thereafter until either party dies or until [wife] remarries or until further order of this [c]ourt, whichever occurs first." By its terms, the 1994 decree clearly envisioned a scenario where once husband began to receive his pension benefits, wife could receive both spousal support and pension benefits,

absent the occurrence of one of the enumerated contingencies. Therefore, the finding by the trial court "that the decree of divorce contemplated that there would be a time when the wife *might* receive spousal support and pension benefits at the same time" was not in error.

### ii. CONSIDERATION OF PENSION BENEFIT

Husband argues that the trial court erroneously concluded that wife's receipt of husband's pension benefit could not be a change in circumstances that warrants a reduction in spousal support. While we agree with husband that the receipt of pension benefits may justify a modification of a spousal support award as it is a "financial and economic circumstance," see Hollowell, 6 Va. App. at 419, 369 S.E.2d at 452-53, we disagree with his arguments that 1) the trial court failed to consider these benefits in fashioning its award, and 2) the trial court erred in not finding that the receipt of the benefits in this case warranted a change in spousal support.

As previously discussed, the trial court clearly considered the fact that the wife now received the retirement benefit. Therefore, it correctly recognized that the receipt of a pension benefit is a factor to consider in evaluating the merits of a motion to modify. The court simply did not find that the receipt of that benefit in this case warranted a change in spousal support. The trial court considered the fact that wife historically was in debt and that she was required to pay taxes on her income while husband was not. The court also found that the amount needed today to maintain the same middle class standard of living that the parties had when they divorced has "gone up significantly" since 1994. The trial court had before it evidence of wife's age and the modest retirement pension she currently earned through her own employment. Based on its consideration of all of the facts in evidence, the trial court considered wife's receipt of the retirement benefits and so concluded that wife had a demonstrated need for continued spousal support.

### iii.  LACK OF AWARD OF SURVIVOR BENEFIT AS A FACTOR

Finally, husband argues that the trial court erred in considering the lack of a survivor benefit as a special consideration.  The court considered the ages of the parties in evaluating whether to grant husband's motion to modify spousal support.  In doing so, the trial court stated that "I find the retirement benefit of the husband not to be survivable to the wife.  And that is a special factor for consideration."  Though husband argues that the trial court improperly considered wife's lack of a survivor benefit award in denying his motion to modify spousal support, the record does not support this contention.[4]  The record indicates that the trial court merely considered the fact that wife would receive money from husband's pension for only as long as he was alive.  Further, there was evidence in the record that indicated that the parties had saved for retirement during the marriage.  However, until recently, the wife had not been financially able to save for retirement since the divorce.  Moreover, husband had recently retired and was receiving in excess of $19,000 per month from his former employer.  By contrast, if wife retired today, she would receive $234 per month from her employer.  On a motion to modify, it is appropriate for the court to consider each spouse's current circumstances, including the fact that a party has retired, as well as the parties' plans and expectations associated with retirement.  Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996).  We do not determine that the court erred in considering wife's economic situation in regard to her retirement in determining the correct amount of spousal support.[5]

---

[4] "[W]e will not fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied."  Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

[5] To the extent that Code § 20-107.1 factors are applicable to a motion to modify under Code § 20-109, the open-ended directive that "the court shall consider . . . [s]uch other factors . . . as are necessary to consider the equities between the parties" allows the trial court to consider this factor.  Code§ 20-107.1(E)(13).  Moreover, this is a "financial and economic

Appellant also contends that the trial court erred in awarding wife her costs and attorney's fees arising from her petition and refusing his request for attorney's fees and costs. "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citing Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976)).  Based on our above review of the proceedings in this case, we hold that the trial court did not abuse its discretion in awarding attorney's fees costs to wife and refusing to award attorney's fees and costs to husband and we affirm the award.

C.  APPELLATE COSTS AND ATTORNEY'S FEES

Both parties request an award of costs and attorney's fees for this appeal.

> "The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment."

Rice v. Rice, 49 Va. App. 192, 204, 638 S.E.2d 702, 708 (2006) (quoting O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996)).

The record in this case reveals no reason why this Court should grant husband attorney's fees and costs for pursuing this appeal and as such, his request should be denied.  Though the standard of review and applicable law indicates that husband should not prevail on appeal, his appeal is not "'frivolous'" and the record does not appear to reveal "'other reasons . . . for requiring additional payment.'"  Id. (quoting O'Loughlin, 23 Va. App. at 695, 479 S.E.2d at 100).  Thus, we decline to award attorney's fees and costs to either party.

---

circumstance" relevant to whether the existing spousal support should be modified.  See Hollowell, 6 Va. App. at 419, 369 S.E.2d at 452-53.

## III. CONCLUSION

For the foregoing reasons, the trial court did not abuse its discretion in determining that the material change in circumstances did not warrant a modification of spousal support. Further, the evidence does not reveal that the trial court abused its discretion in awarding attorney's fees and costs to the wife and refusing to grant such fees and costs to the husband. Additionally, nothing in the record supports either party's request for an award of attorney's fees and costs on appeal.

Affirmed.
